## THE STATE v. FRANK BURNS, Appellant.

### Division Two, November 14, 1911.

1. **INFORMATION: Local Option Law: Orders for Liquors: Words of Invalid Statute: Verdict: General Finding.** The information charged that the defendant did "willfully and unlawfully order for, receive, keep, store and deliver . . . one half pint of whiskey for" another, in a local option county, in violation of sections 7226, 7227 and 7228, R. S. 1909. *Held*, that, inasmuch as section 7226 is invalid, the words "order for, receive" in the information may be disregarded as surplusage, and the remainder of the charge, namely, "keep, store and deliver," is good under section 7227, and hence a general finding of "guilty as charged in the information" was not erroneous.

2. ———: ———: ———: **Disjunctive Words Charged Conjunctively: Proof: Verdict: General Finding.** While the statute (Sec. 7227, R. S. 1909) makes it an offense to either "keep, store or deliver" intoxicating liquor for or to any person in any county that has adopted the Local Option Law, it is good pleading to charge all three conjunctively in one count, and proof of either will sustain the information and justify a general verdict.

3. **LOCAL OPTION LAW: Buying for Another: Facts Authorizing Conviction: Keeping.** The information charged that defendant did "willfully and unlawfully . . . keep, store and deliver . . . . one-half pint of whiskey for one Alex. Hixon," in a local option county, in violation of sections 7227 and 7228, R. S. 1909. The facts were that defendant was in a buggy, at Mt. Vernon, Lawrence county, in which the Local Option Law had been adopted, when Hixon asked him where he was going, and he replied, "Freistatt," a town ten miles away. Hixon asked him if he would bring him a pint of whiskey if he would give him the money for it. Defendant said he would, whereupon Hixon gave him a half dollar. Defendant got the whiskey at Freistatt, and returned with it to Mt. Vernon, and the next day started to deliver it to

Hixon, but while on the way was arrested by the sheriff, who took the whiskey from him and locked it up, and it was never delivered to Hixon. *Held*, that defendant is guilty of keeping intoxicating liquor for another under section 7227, which declares that "no person shall keep, store or deliver for or to another person, in any county that has adopted the Local Option Law, any intoxicating liquors whatsoever;" and is not to be excused by section 7228, which declares that "nothing in this act shall be construed to prohibit any person from ordering liquor for his own or family use, where such liquor is sent direct to the person using it." To be excusable under said section 7228 the transaction should be between the one who orders for his own use and the dealer who fills the order. The order may go by mail or messenger, and the article may be sent by express or messenger, but the buyer must deal in his own name with the seller, and the seller must send the intoxicating liquor directly to the buyer.

4. ———: ———: **Delivery.** Intention to deliver is not equivalent to delivery. Defendant did not deliver the whiskey to Hixon, and therefore cannot be convicted of delivering, whatever may have been his intention.

5. ———: ———: **Keeping.** But defendant did keep the whiskey for Hixon in his possession over night. That fact brings him within the statute. From the time he bought it for Hixon until he attempted delivery he kept it in his possession, and was therefore within the terms as well as the spirit of the statute. He had bought it for Hixon, not for himself. The seller did not deal directly with Hixon. Defendant was not a mere carrier or messenger for either the seller or the buyer.

Appeal from Lawrence Circuit Court.—*Hon. John T. Moore*, Judge.

AFFIRMED.

*Parker Potter* and *R. H. Landrum* for appellant.

(1) The first section of the "Order House Act," Laws 1907, pp. 231 and 232, upon which the main charge in this information is based, is unconstitutional. State v. Rawlings, 232 Mo. 544. (2) The information charging offenses under two separate sections, one of which was unconstitutional, the court proves his own error by refusing to quash the infor-

mation and rendering a general verdict of guilty as charged, for he showed by this act that he was of the same opinion that the trial judge was in the Rawlings case (that defendant was guilty) if he did either of the acts charged in the information. State v. Rawlings, 232 Mo. 544. (3) Where the information charges separate and distinct offenses a general verdict of guilty without specifying the charge on which it is founded is insufficient to sustain a conviction. State v. Harmon, 106 Mo. 635; State v. Brown, 66 Mo. App. 280; State v. Hudson, 137 Mo. 618; State v. Karlowski, 142 Mo. 463; State v. Nich, 79 Mo. App. 99. (4) The court should have sustained defendant's motion for a new trial, because there was no substantial evidence to convict defendant of a violation of any law of this State. State v. Baker, 144 Mo. 323. (5) The whole evidence brought the defendant clearly within the protection of the third section of the Order House Act, now Sec. 7228, R. S. 1909; providing that nothing in the next two preceding sections shall be construed to prohibit any person from ordering liquor for his own or family use, where such liquor is sent direct to the person using the same. (6) There is an entire failure to prove "keeping or storage" of whiskey by defendant. The words "keep and store" have a well defined meaning in law, and involve the idea of continuity of habit, the words meaning to habitually have in possession or in store for another and not the mere possession for carrying from one point to another. 4 Words and Phrases, p. 3916; 7 Words and Phrases, p. 6675; Haynes v. Ins. Co., 11 N. Y. (1 Kern.) 554; Mosley v. State, 74 Ga. 404; Renshaw v. Mo. Mutual, 103 Mo. 595; Commonwealth v. Palmer, 134 Mass. 537; People v. Rice, 103 Mich. 350.

*Elliott W. Major*, Attorney-General, and *John M.* *Dawson*, Assistant Attorney-General, for the State.

The information charges that the Local Option Law was in full force and effect in Lawrence county, and that appellant within said county "did then and there willfully and unlawfully *order for, receive, keep, store and deliver* distilled, fermented and intoxicating liquors." This court in the Rawlings case having held section one of the act unconstitutional and void, the only question here presented for consideration is, whether or not the information is bad because it contains an alleged offense not found in Sec. 7227, R. S. 1909, to-wit, "order for, receive." Had the court given an instruction to find appellant guilty of "ordering for and receiving" intoxicating liquors, than that portion of the Rawlings case cited by appellant, pp. 562, 563, would have been in point, but this is not the case here, as no instructions were asked and none given. The Statute of Jeofails, Sec. 5115, R. S. 1909, specifically provides that no indictment or information shall be invalid, nor shall the trial judgment, or other proceedings thereon, be set aside, arrested or in any manner affected "for any surplusage or repugnant allegation, where there is sufficient matter alleged to indicate the crime and person charged." State v. Edwards, 19 Mo. 675; State v. Leonard, 22 Mo. 449; State v. Van Zant, 71 Mo. 541; State v. Meyers, 99 Mo. 107; State v. Morse, 55 Mo. App. 332; State v. Boatright, 61 Mo. App. 469. (b) The information may charge the defendant with the commission of all the acts named in the statute. 1 Bishop, Crim. Pro. (1 Ed.), sec. 191; State v. Grossman, 214 Mo. 242. (c) This information is based upon the second section of the Act of 1907 (Sec. 7227, R. S. 1909). The fact that it uses the words "order for, receive," does not make it invalid. These words are merely surplusage. State v. Rawlings, 232 Mo.

561.    (d)   The information is not defective in charging several different offenses in one count.   Where a statute mentions several acts and prescribes that each shall constitute the same offense and be subject to certain punishment, the information may charge any one or all of such acts as constituting a single offense. State v. Montgomery, 109 Mo. 645; State v. Finley, 77 Mo. 338; State v. Pittman, 76 Mo. 56; State v. Bregard, 76 Mo. 322; State v. Fields, 210 Mo. 188; State v. Grossman, 214 Mo. 242.   (7)   The injunction of the statute is against keeping, storing or delivering for or to another, any intoxicating liquors of any kind whatsoever.   The proof of any one of these three offenses would be sufficient to sustain a conviction.   The evidence reveals that appellant had two bottles of whiskey to deliver, and the uncontradicted proof is that he would have delivered them had he not been caught and arrested by the sheriff.   This is sufficient under the statute.   "Delivery" is defined by Webster as, to give or transfer, to yield possession or control of, to part with, to make or hand over, to make delivery of, to commit, to surrender.   Delivery is a transfer of the possession of property.   Turner v. Moore, 58 Vt. 455; Bloyd v. Pollocks, 27 W. Va. 75; State v. Watson, 65 Mo. 115; O'Bannon v. Southern Ex. Co., 51 Ala. 481; Railroad v. Page, 35 Ark. 304.

FERRISS, J.—Defendant was convicted under an information which, in proper form, charged that he did "willfully and unlawfully order for, receive, keep, store and deliver . . . one-half pint of whiskey for one Alex Hixon," in a local option county, in violation of the Act of 1907, Laws 1907, p. 231 (now Secs. 7226, 7227, 7228 and 7229, R. S. 1909), the first three sections of which read as follows:

"Section 1.   It shall be unlawful for any person or persons not a licensed dramshop-keeper or by law authorized to sell liquor as a wholesaler, to order for,

receive, store, keep or deliver, as agent or otherwise, of any other person, intoxicating liquors of any kind.

"Sec. 2. No person shall keep, store or deliver for or to another person, in any county that has adopted or may hereafter adopt the Local Option Law, any intoxicating liquors of any kind whatsoever.

"Sec. 3. Provided, however, that nothing in this act shall be construed to prohibit any person from ordering liquor for his own or family use, where such liquor is sent direct to the person using same."

The facts were that defendant was in a buggy, at Mt. Vernon, Lawrence county, when Alex Hixon asked him where he was going. He said "Freistatt," a town about ten miles away. Hixon asked him if he would bring him a pint of whiskey if he gave him the money for it. Defendant said he would, whereupon Hixon gave him a half dollar. At the same time, and under similar circumstances, one Bob Hughes gave defendant fifty cents to get a pint of whiskey for him. Defendant got the whiskey at Freistatt, and returned with it to Mt. Vernon. The next day defendant started to deliver the whiskey to Hixon and Hughes, but was arrested by the sheriff while on the way. The officer took the whiskey from him and locked it up, and it never was delivered.

The Local Option Law had been adopted in Lawrence county, outside Aurora, before this event, and had also been adopted by the city of Aurora, a city of more than 2500 inhabitants.

The case was tried by the court, a jury being waived. The court rendered a general finding that the defendant was "guilty as charged in the information," and sentenced him to six months in jail.

I. It is contended by the defendant that inasmuch as the information charged several offenses,

defined in both sections 1 and 2 of the act, a general finding was erroneous. We think not. That portion of the charge in the information, "order for, receive," which is based upon section 1 of the Act of 1907 (now Sec. 7226, R. S. 1909) may be rejected as surplusage (Statute of Jeofails, Sec. 5115, R. S. 1909; State v. Rawlings, 232 Mo. 544) inasmuch as we held in the Rawlings case that section one was invalid. The remainder of the charge, to-wit, "keep, store and deliver," is good under section two of the act. While the statute makes it an offense to either keep, store or deliver, it is good pleading to charge all three conjunctively in one count, and proof of either will sustain the information and justify a general verdict. [State v. Currier, 225 Mo. 642; State v. Rawlings, supra.]

II. Defendant claims that upon the uncontradicted evidence he is not guilty of an offense against this Act of 1907. Section three of this act (Sec. 7228, R. S. 1909) provides that "nothing in this act shall be construed to prohibit any person from ordering liquor for his own or family use, where such liquor is sent direct to the person using same."

True, the whiskey in question was wanted by Hixon for his own use. It is also true, as argued by the counsel for defendant, that if, under the last-named section, "a person has a right to order whiskey and have it sent to him, some person or persons must be allowed to bring it." The statute, however, plainly contemplates, by the expression "where such liquor is sent direct to the person using same," that the buyer shall deal in his own name with the seller, and that the seller shall send the whiskey directly to the buyer, knowing to whom he is sending it. Whether the order goes by mail or by messenger may not be important, nor whether the article is sent by express or by messenger, but it is important that the trans-

action should be between the one who orders for his own use and the dealer who fills the order. Otherwise one could traffic in whiskey in defiance of the statute by securing his customers and payment in advance, then buy the whiskey in his own name, deliver it to his respective customers and, if charged under the statute, say, "I was merely a messenger for persons who ordered for their own use."

It does not appear that the dealer in Freistatt sent the whiskey to Hixon, nor that he knew that Hixon was to get it. We can only conclude that, so far as the dealer at Freistatt was concerned, defendant bought the whiskey as for himself.

III.    The constitutional objections raised are disposed of and held insufficient in State v. Rawlings, supra.

IV.    The evidence is sufficient to sustain a conviction for keeping for another person. We do not agree with the Attorney-General that intention to deliver is equivalent to delivery. The defendant did not deliver the whiskey to Hixon, and therefore cannot be convicted of delivering, whatever may have been his intention. He did, however, retain in his possession, that is, keep in his possession over night, the whiskey for Hixon. We think this fact brings defendant within the statute. The lawmakers intended to cover each step in the process by which one man should get liquor for another. This defendant had taken every step excepting the last—that of delivering. From the time he bought the whiskey until the attempted delivery he kept it in his possession, and was within the terms as well as the spirit of the statute. Doubtless a mere carrier or messenger, in the case of a direct order as explained above, may retain, lawfully, possession for such time as is convenient and customary for delivery. He is not keeping it during such interval in the sense intended by

the statute. But the defendant, who was in pos-. session of the whiskey for an unlawful purpose, was, during every moment of such possession, keeping it, under our construction of the statute. This is in line with the distinction made by us in the Rawlings case between storing and keeping.

Finding no reversible error in the record, the judgment is affirmed. *Kennish, P. J.,* and *Brown, J.,* concur.