# THE STATE v. O. L. KOONTZ, Appellant.

### Division Two, July 16, 1918.

1. **UNCONSTITUTIONAL STATUTE: Application.** A statute may be unconstitutional as to part of its subject-matter and valid in its application to other parts.

2. **INTOXICATING LIQUOR: Delivery by Purchaser's Agent.** Section 2 of the Act of 1907 (Sec. 7227, R. S. 1909) made unlawful the transfer of the possession of intoxicating liquor from one person to another, in a Local Option county, when by the act of transfer there was no change of ownership. That section made the delivery to the purchaser by the purchaser's own agent a violation of its provisions.

3. ————: ————: **Direct Delivery to Purchaser by Carrier.** Section 7228, Revised Statutes 1909, is an exception to the operation of Section 7227, and relieves of its unlawful character the delivery of intoxicating liquor by one person to another in a Local Option county, where the deal, or order, is direct between the seller outside and the purchaser inside such county, and where the agency of no person who would profit by the traffic except as a common carrier intervenes between such seller and purchaser.

Appeal from Cass Circuit Court.—*Hon. Ewing Cockrell,*
Judge.

REVERSED.

*J. W. Jamison* and *J. S. Brierly* for appellant.

(1) Martin had the right to order and have sent direct to him intoxicating liquors for his own or family use. Sec. 7228, R. S. 1909; State ex rel. v. Brewing Co., 270 Mo. 109. (2) Inasmuch as the beer was both ordered and received by Martin in a lawful way and for a lawful purpose, neither the railway company, nor its agent, Koontz, violated any statute in connection with the transportation and delivery of it to Martin. State v. Brown, 188 Mo. App. 248; State v. Rosenberger, 212 Mo. 648; State v. Theodore, 191 S. W. 422; Southern Express Co. v. State, 66 So. (Ala.) 115. (3) The

trial court committed error in holding and declaring at the request of the State and of its own motion that Sec. 7228, R..S. 1909, was unconstitutional, and, therefore, void, and in giving, over appellant's objections and exceptions, declarations of law to that effect, and in refusing appellant's declaration in the nature of a demurrer to the evidence. State v. Theodore, and other authorities cited above.

*Frank W. McAllister,* Attorney-General, *Henry B. Hunt,* Assistant Attorney-General, *J. R. Nicholson* of counsel, for respondent.

(1) The title of an act is the conclusive index to the legislative intent; and the body of the act must be germane to the subject designated in title. Sec. 28, Art. 4, Mo. Cons.; Laws 1907, p. 231; City of Kansas v. Payne, 71 Mo. 162; State v. Coffee & Tea Co., 171 Mo. 642; State v. Burgdoerfer, 107 Mo. 30. (a) The title need not express limitations in the body of the act. 36 Cyc. 1029; Neuendorff v. Duryea, 69 N. Y. 557; Mt. Vernon Co. v. Frankfort Co., 111 Md. 568. (b) But where the title is restrictive, the act must be also. 36 Cyc. 1029; State v. Rawlings, 232 Mo. 557; Ex parte Knight, 52 Fla. 147; West v. State, 50 Fla. 160; Railway v. Byrne, 119 Tenn. 289. (2) Sec. 7228, R. S. 1909, has reference solely, to Section 7226. Said Section 7226 has been declared unconstitutional; hence, Section 7228 is unconstitutional and falls with Section 7226. State v. Rawlings, 232 Mo. 558; State v. Theodore, 191 S. W. 424. (3) The defendant, agent of the railway company, is liable, as he held for and delivered the goods to the consignee. Hays v. State, 13 Mo. 246; State v. Brown, 151 Mo. App. 351; State v. Boehler, 148 Mo. App. 620; State v. Handler, 178 Mo. 38.

WHITE, C.—The appellant was found guilty of delivering liquor to another person, in violation of Section 7227, Revised Statutes 1909. He claimed in defense that he was protected by the exception mentioned

in Section 7228. The Circuit Judge held that the latter section afforded no protection, because unconstitutional, and the appeal was to this court on account of the constitutional question.

The sections mentioned, together with Section 7226, are a part of the dramshop law of this State, enacted in 1907. The Act of 1907 contained three sections which are now sections 7226, 7227 and 7228, Revised Statutes 1909 (Laws 1907, p. 232), as follows:

"Section 1. (7226). It shall be unlawful for any person or persons not a licensed dramshop-keeper · or by law authorized to sell liquor as a wholesaler, to order for, receive, store, keep or deliver, as the agent or otherwise, of any other person, intoxicating liquors of any kind.

"Section 2. (7227). No person shall keep, store or deliver for or to another person, in any county that has adopted or may hereafter adopt the Local Option Law, any intoxicating liquors of any kind whatsoever.

"Section 3. (7228). Provided, however, that nothing in *this act* shall be construed to prohibit any .person from ordering liquor for his own or family use, where such liquor is sent direct to the person using same."

In the Revision of 1909, the words "this act" were changed to read (Sec. 7228) "the two next preceding sections."

There was an agreed statement of facts in the circuit court, which set out that the Local Option Law was in force in Cass County; that the defendant, O. L. Koontz, was agent of the Missouri, Kansas & Texas Railway Company, and as such delivered one case of beer to one Charles Martin in Cass County, "for the personal use of said Charles Martin," and that "said liquors had been ordered by the said Charles Martin of and from George Muehlbach Brewing Company, a liquor dealer at Kansas City, Missouri,".and were by'that company consigned to the said Charles Martin by a freight shipment over the lines of the said Missouri, Kansas & Texas Railway Company.

I. The defendant claims that he was within the proviso of Section 7228, because the liquor which he delivered was ordered for the personal use of Charles Martin to whom he delivered it. The Circuit Court held that section unconstitutional, because by its terms the proviso related only to Section 7226; that Section 7226 having been declared unconstitutional by this court in the case of State v. Rawlings, 232 Mo. 544, the proviso therefore would fall with the section to which it relates. The reason Section 7226 was declared unconstitutional was because the subject-matter covered by that section was not clearly expressed in the title of the bill when the Act of 1907 was passed. It is only necessary to refer to the Rawlings case for an explanation of the ruling.

*Application of Proviso.*

Now it is obvious if Section 7228 refers only to Section 7226, then it does not matter for the purpose of this case whether it is unconstitutional or not, because this case arises under Section 7227, which was declared in the Rawlings case to be constitutional. But if 7228 relates to 7227, and provides an exception to the operation of that section as well as of 7226, then to that extent it is not necessarily unconstitutional, for a statute may be unconstitutional as to part of its subject-matter and valid in its application as to other parts. [6 R. C. L., p. 130.] It is important, therefore, not only to determine whether Section 7227 applies to this case, but also whether Section 7228 relates, as a proviso, to Section 7227 as well as to Section 7226.

II. Doubtless the statute under consideration was enacted to reinforce the Local Option Law. Already Section 7243, Revised Statutes 1909, made it unlawful for any person in a Local Option county to "directly or indirectly sell, give away, or barter in any manner whatever any kind of intoxicating liquors." This language is comprehensive enough to cover every case where the ownership of property of that kind is passed from one to another; in-

*Delivery by Own Agent.*

toxicating liquor could not be transferred by sale or by gift, directly or indirectly, in any manner whatever. All that remained of the traffic in such liquors, not prohibited by the statute, was the transfer of possession from one person to another, and the keeping for the use of another person, without a change of ownership.

The Act of 1907 then evidently was intended to reach every case of such transfer. Section 2 (7227) covers the case of a person who keeps or delivers liquor *for* another person, or *to* another person whether or not title or right of property is transferred by the act. This would include the case of any person who acts as the agent of the seller or the buyer, when the title has already passed.

This court construed the Local Option Law several times before Act of 1907 was passed. It was held in several cases that where intoxicating liquor was shipped by a common carrier, from a county or city in the State where it was lawful to sell it, to some person in a Local Option county, the shipper was not guilty of a violation of the law, because the "delivery" was at the point of shipment where it was lawful to sell it, and not at the point of destination where it was unlawful to sell it, that the carrier was the agent of the purchaser and not of the seller. [State v. Wingfield, 115 Mo. 428.] This was held to be the case even where the liquor was consigned C. O. D. [State v. Rosenberger, 212 Mo. 648, l. c. 654.] Under those rulings the delivery to Martin was in Kansas City where he ordered the beer consigned to him. The carrier then became and was his agent in carrying the liquor from Kansas City to Cass County, where he received it. It has been held that delivery to the purchaser by the purchaser's own agent, is a violation of the act, as will be seen by the cases cited below. The defendant was guilty of the violation of Section 7227, unless Section 7228 recites an exception to its operation.

III. The case of State v. Theodore, 191 S. W. 422, cited by respondent, was where the defendant was

charged with a violation of Section 7227. He kept and stored a quantity of liquor in Barton County.This court reversed a conviction for violation of Section 7227 on the ground that the liquor which he kept and stored was not for delivery to any person in Barton County, a Local Option county, but was stored and kept for the purpose of conducting a mail order business and delivery in Kansas. The opinion indicated that the section (7228) does not constitute a proviso to Section 7227, and held the defendant not guilty, not because he was protected by Section 7228, but because his act is not covered by Section 7227. The observations regarding Section 7228 were *obiter* and the majority of the court concurred only in the result.

This court, in the case of State v. Burns, 237 Mo. 216, l. c. 223, held the defendant guilty on this state of facts: He was going from Mt. Vernon, Lawrence County, to a neighboring town, when a friend named Hixon handed him a half dollar and requested him to purchase a pint of whiskey. Defendant purchased the whiskey and when he returned to Mt. Vernon he was arrested before delivering it, for violation of Section 7227 in keeping it for the purpose of such delivery. There the defendant was the agent of the purchaser and the whiskey was Hixon's property.

The opinion mentioned Section 7228, apparently assuming it to be valid as a proviso to Section 7227, and uses this language (237 Mo. l. c. 222-3):

"True, the whiskey in question was wanted by Hixon for his own use. It is also true, as argued by the counsel for defendant, that if, under the last named section, 'a person has a right to order whiskey and have it sent to him, some person or persons must be allowed to bring it.' The statute, however, plainly contemplates, by the expression 'where such liquor is sent direct to the person using same,' that the buyer shall deal in his own name with the seller, and that the seller shall send the whiskey directly to the buyer, knowing to whom he is sending it. Whether the order goes by mail or by messenger may not be important, nor

whether the article is sent by express or by messenger, but it is important that the transaction should be between the one who orders for his own use and the dealer who fills the order.   Otherwise, one could traffic in whiskey in defiance of the statute by securing his customers and payment in advance, then buy the whiskey in his own name, deliver it to his respective customers and, if charged under the statute, say, 'I was merely a messenger for persons who ordered for their own use.' "

The court then says (p. 223): "Doubtless a *mere carrier* or messenger, in the case of a *direct order* as explained above, may retain lawfully, possession for such time as is convenient and customary for delivery."

The Kansas City Court of Appeals in case of State v. Lane, 193 S. W. 948, held the defendant guilty under a state of facts quite similar to those in the Burns case. The court indicated that Section 7228 furnished an exception "if the transaction showed that the defendant was a 'mere messenger' delivering the liquor in a direct transaction between the seller and the purchaser or between the receiver and the furnisher of the liquor."

In the case of State ex rel. v. Brewing Company, 270 Mo. 100, the prosecuting attorney of Adair County sought to restrain the defendant Brewing Company from shipping beer into Adair County, a Local Option county. The defendant had its place of business at Quincy, Illinois, the liquor in question was consigned to the railroad company and sent in a package C. O. D. to a person in Adair County.   The court cited the Rosenberger case, supra, and held that the liquor was delivered to the purchaser at the point of shipment in Illinois, and found the defendant not guilty, because the delivery of the beer was not in Adair County, and "because Section 7228, Revised Statutes 1909, authorized any person in Adair County to order liquor for his own use, or that of his family when it is sent directly to him."   In the case of State v. Brown, 188 Mo. App. 248, the defendants were charged with violation of Section 7227.   They hauled several barrels of merchandise from the railroad station to a drug store at Worthington,

275 Mo—31

in Adair County, a Local Option county. It was claimed that the barrels contained bottled beer, but they bore no external evidences of the nature of their contents. The defendants delivered the merchandise in ignorance of what the barrels contained, and they were held not guilty for that reason. The court cites the Burns case, supra, and uses this language, l. c. 251: "Defendants, at the time of their arrest, being in possession of the beer, *not as common carriers,* but as servants of the purchaser, were 'keeping it' within the prohibition of the statute, providing they knew what they were transporting and intending to deliver to their employers was beer, imported into the county for the purpose of being disposed of in violation of the Local Option Law."

The observations of this court in the Burns case, and the Brewing Company case, supra, indicate a construction by this court of Section 7228, which makes it an exception to the operation of Section 7227, as well as Section 7226. It reaches a case of delivery by one person to another in a Local Option county where the deal, or order, is "direct" between the seller outside and the purchaser inside the dry territory, where the agency of no person who would profit by the traffic except as a common carrier, intervenes between such seller and purchaser. It would apply where the order is direct and the shipment direct, by the purchaser's agent, as in this case.

The judgment is reversed and the defendant discharged. *Roy, C.,* concurs.

PER CURIAM:—The foregoing opinion by WHITE, C., is adopted as the opinion of the court. All of the judges concur.