### CITY OF KIRKSVILLE v. M. T. WARDEN, Appellant.

In Banc, November 27, 1918.

1. **INTOXICATING LIQUORS: Interstate Shipments.** The Webb-Kenyon Act withdrew interstate shipments of intoxicating liquors from the protection of the interstate-commerce clause of the U. S. Constitution, and left such shipments subject to the laws of the respective states. Under that act common carriers have no right to transport and deliver intoxicating liquors into any state in contravention of its local laws.

2. ————: **Delivery: Sufficiency of Evidence.** Eitel, desiring to open and conduct a drug store at Kirksville under the name of "Wabash Pharmacy," purchased ten barrels of whiskey at Quincy, Illinois, and caused the way-bill for one barrel to designate Kirksville as the point of delivery and another for nine barrels to designate Greentop as the point of delivery. The whiskey designated in both bills reached Kirksville December 4th, and the consignee, Eitel, under his firm name of Wabash Pharmacy, turned over the way-bill for the one barrel to a drayman, who proceeded to the station and when he had taken out three barrels the defendant, Warden, appeared and directed him to return two of the barrels to the car, as they had been way-billed to Greentop and only one barrel had been receipted for by Eitel. The drayman obeyed the instruction, delivered the one barrel to the Wabash Pharmacy at Kirksville, and the next day the other nine barrels were brought back from Greentop and delivered to the Wabash Pharmacy. Prior to the purchase of the whiskey for the proposed Wabash Pharmacy the defendant inquired of the prosecuting attorney whether he could

deliver whiskey which he might purchase for the benefit of that store, and was told that he could not; and when the whiskey arrived defendant not only witnessed the delivery of the one barrel, but took a receipt from the Wabash Pharmacy for such delivery. *Held*, that the evidence was sufficient to submit to the jury the issue of the delivery by defendant of intoxicating liquor at Kirksville on December 4th.

3. ——: **Delivery to Another.** The facts set forth in Syllabus 2 bring the offense of defendant, who it was charged "did wilfully and unlawfully keep, store for and deliver to another person than himself" certain intoxicating liquors, strictly within the terms of Section 7277, Revised Statutes 1909.

Appeal from Adair Circuit Court.—*Hon. Charles D. Stewart,* Judge.

AFFIRMED.

*J. L. Minnis* and *Higbee & Mills* for appellant.

(1) The court erred in giving plaintiff's instruction 2. There was no evidence warranting this instruction. This was an interstate shipment. The liquor and store fixtures were purchased and delivered to Eitel in Quincy, Illinois, on December 1, 1914. He put them in a car, at Quincy, locked the car and prepaid the freight. Eitel took the goods billed to Kirksville on December 4th in the absence and without the aid or consent of defendant. If there was any delivery to Eitel at Kirksville it was the act of the carrier. State v. Burns, 237 Mo. 216, syl. 4. (2) The Act of 1907, p. 231, now Sections 7226-7229, R. S. 1909, has no reference to common carriers. The carriage, or the handling of liquor by common carriers, is not mentioned in the act. The title of the act shows that the act was only intended to apply to persons who were selling intoxicating liquors or dealing therein for a profit under some guise or subterfuge to evade the Local Option Law. State v. Brown, 188 Mo. App. 251. (3) The court erred in refusing defendant's instruction ten. At the time Eitel delivered this shipment to the carrier at Quincy, December 1, 1914, the ordinance was not in force. The receivers of the Wabash railroad were bound to receive, carry and deliver the shipment to Eitel at Kirksville. Adams Express Co. v. Kentucky, 154 Ky. 462, 48 L. R. A. (N. S.)

342. (4) The court erred in refusing defendant's instruction six. The statute and the ordinance being penal do not apply to receivers of a railroad company, even if they are applicable to common carriers. People v. Blair, 149 N. W. 1039. (5) The court erred in giving instruction "A" on its own motion. There was no evidence tending to prove that Eitel intended to use the liquor for an illegal purpose or that Warden had notice of such intention. (6) The court erred in refusing defendant's instruction eight. The ordinance does not denounce assenting to a delivery. State v. Wells, 134 Mo. 244. (7) The complaint alleges that the city adopted local option: there is no averment or proof that local option was in force in the county. Sec. 7227, R. S. 1909, prohibits keeping, storing or delivering liquor in a county adopting local option. The ordinance must conform to the statute (R. S. 1909, sec. 9582), there being no statute prohibiting delivery in a city adopting local option. A city in a county not so adopting the act cannot make it an offense. City v. Myer, 185 Mo. 583; Carthage v. Block, 139 Mo. App. 386; Village of Jonesburg v. Yocum, 175 S. W. (S. C.)) 881; State v. Men's Club, 178 Mo. App. 571.

*Weatherby & Frank* for respondent.

BOND, C. J.—This is a prosecution for the violation of an ordinance of the city of Kirksville, which is framed in the language of Sections 7227, 7228 and 7229, Revised Statutes 1909.

The complaint on behalf of the city, filed by its prosecuting attorney before one of the police judges of the city, charged that defendant, on December 4, 1914, "did then and there wilfully and unlawfully keep, store for, and deliver to another person than him, the said M. T. Warden, to-wit, for and to the said Wabash Pharmacy, certain intoxicating liquors, to-wit, 10 barrels of whiskey, 1 keg of alcohol, one keg of gin and one keg of wine," etc.

After the conviction of defendant in the police court and appeal therefrom, the cause was tried in the circuit

court of Adair County upon certain agreements and oral testimony showing the due adoption of the ordinance in question by the city of Kirksville, and that the local Option Law was in force in said city from and after December 23, 1907; that one Noah Eitel, desiring to open and conduct a drug store in said city under the name and style of the Wabash Pharmacy, for the purpose of purchasing suitable stock in trade, about the first of December, 1914, made a trip to Quincy, Illinois, where he purchased, in addition to store fixtures, ten barrels of whiskey, two barrels of gin in jars, one keg of wine and fifteen hundred pounds of glass flasks and one thousand pounds of drugs and sundries; that he caused the way-bill for one barrel of whiskey to designate Kirksville as the point of delivery, and another way-bill for nine barrels of whiskey to designate the point of delivery as Greentop, a few miles north of Kirksville; that all of the whiskey specified in both way-bills reached Kirksville about December 4, 1914, whereupon the consignee, Noah Eitel, under his trade name of Wabash Pharmacy, turned over the way-bill designating that destination, to a drayman, who proceeded to the station where the car stood on a side track, and took out three barrels of the whiskey. Thereupon the defendant appeared and directed him to return two of the barrels to the car, as they had been way-billed to Greentop, and only one barrel had been receipted for by Noah Eitel in the name of the Wabash Pharmacy at Kirksville. The drayman then delivered the one barrel billed to Kirksville to the Wabash Pharmacy and on the next day the nine other barrels were brought back from Greentop and also delivered to the Wabash Pharmacy.

The trial resulted in a conviction of the defendant and a fine of three hundred dollars, from which an appeal was duly taken to this court.

II. The first point in the brief of counsel for appellant is to the effect that this was an interstate shipment and there was no evidence of delivery at Kirksville; wherefore, instruction number two, submitting the issue of the delivery by defend-

Interstate Shipment.

ant of one barrel of intoxicating liquor in the city of Kirksville on December 4th, should not have been given.

As far as the question of interstate shipment is concerned, it is enough to say that the protection of intoxicating liquors by the Commerce Clause of the Constitution has been withdrawn since the adoption of the Webb-Kenyon Act, which was considered by the Supreme Court of the United States in a recent case and held to be a legitimate exercise of the power of Congress to regulate commerce. The effect of that decision, validating the Webb-Kenyon Act, is to leave interstate shipments of intoxicating liquors subject to regulation of the respective states as provided by the terms of that act. [Clarke Dist. Co. v. West. Md. Ry. Co., 242 U. S. 311.]

Neither are we able to assent to the view that there was no evidence of a delivery by the defendant of one barrel of whiskey and other intoxicating liquors on December fourth. A careful examination of Delivery. the abstract, particularly of the additional abstract and the original transcript on file in this court, discloses that defendant inquired prior to the purchase of the stock in trade for the proposed Wabash Pharmacy, whether he could deliver whiskey which might be purchased for the benefit of that store, and was told by the prosecuting attorney that he could not; that the defendant was actually present when one barrel of whiskey was delivered to the drayman for the Wabash Pharmacy on December fourth and made no other objections to such delivery than that it should not include other whiskey which had been billed to Greentop, and that he not only witnessed the delivery of that barrel which had been shipped to Kirksville, but took a receipt for such delivery from the Wabash Pharmacy signed by Noah Eitel.

III. It is insisted by the learned counsel for appellant that the court erred in refusing other instructions on behalf of defendant. An examination of the in-

Instructions.    structions referred to in this assignment does not disclose any error in their refusal, since the adoption of the Webb-Kenyon Act and the sustention of its constitutionality by the Supreme Court of the United States. Under that act common carriers have no right to transport and deliver intoxicating liquors into any state in contravention of its local laws.

IV. The offense in this case fell strictly within the terms of Section 7227, Revised Statutes 1909, which it has been pointed out by this court it was the duty of the prosecuting attorneys of the various counties to enforce whenever applicable by proceedings like the present. [State ex rel. v. Woolfolk, 269 Mo. l. c. 397.]

The penalty imposed was the minimum provided by Section 7229, Revised Statutes 1909. Prosecutions in cases like the present, falling within the purview of Sections 7227, 7228 and 7229, Revised Statutes 1909, have been repeatedly sustained by this and the courts of appeals. [State v. Burns, 237 Mo. 216; State v. Rawlings, 232 Mo. 544; State v. Lane, 193 S. W. 948; Gum v. Frisco Ry. Co., 198 S. W. 494, p. 496, par. 2, and cases cited.]

Finding no reversible error in this case the judgment is affirmed. It is so ordered.

The foregoing opinion of *Bond C. J.,* in Division One is adopted as the opinion of Court in Banc. *Walker. Woodson,* and *Williams, J.J.,* concur; *Faris, J.* dissents, and thinks case should be transferred to the proper court of appeals.