STATE OF MISSOURI, Respondent, v. JESSIE G.
KRAMER, Appellant.

Kansas City Court of Appeals; December 13, 1920.

1. **INTOXICATING LIQUORS: General Rule: Sale and Delivery: Out-
side Jurisdiction not Unlawful.** The general rule is that where
liquor is ordered from a point outside the jurisdiction and segre-
gation and delivery thereof to the carrier takes place outside,
there is neither an unlawful sale or delivery within the juris-
diction.

2. ———: **Sale and Delivery Held to be at Place Fixed by Contract.**
Where a contract, by orders and acceptances, for sale and delivery
of intoxicating liquors made outside of jurisdiction, fixes place
of sale and delivery within dry territory, the place of such sale
and delivery by defendant is *held to* be within said dry territory.

3. ———: **Carrier Defendant's Agent in Making Delivery.** Defendant
having undertaken to deliver liquor in dry territory made the
carrier his agent to do this for him.

4. **CRIMINAL LAW: Offense May be Committed by Agent: Presence
of Defendant in Venue of Commission Unnecessary.** One can com-
mit an offense and complete it through an agent; and the actual
206 M. A.—4

bodily presence of the defendant in the venue of the commission thereof is unnecessary.

5. **INTOXICATING LIQUORS:** Evidence, Sufficient to Show Sale and Delivery by Defendant. In a prosecution for violation of Local Option Law, evidence *held* sufficient to show sale and delivery made within dry territory.

6. **CRIMINAL LAW:** Failure to Produce Original Orders for Liquor, Copies Admissible: Introduction Did Not Compel Defendant to Testify Against Himself. Upon failure of defendant to produce original orders for liquor, there was no error in permitting the introduction of copies, or duplicates thereof, made and retained by the persons at the time the orders were made, and the introduction of such documents did not compel defendant to testify against himself.

7. **EVIDENCE:** Prima-facie Proof: Adoption of Local Option Law Shown by Record of Election Result. The adoption of Local Option Law, by city and county, was prima facie established by the introduction in evidence of the respective records showing the results of the elections in regard thereto and the orders directing the results to be published.

8. **CRIMINAL LAW:** Delivery for Buyer's Personal Use: Where Defendant's Agent Not Guilty of Offense Within Exception of Statute, the Defendant, as Principal, Cannot Be. Where liquor was for buyer's personal use and delivery was made by defendant, through his agent, an express company, which could not be convicted of violating Local Option Law, within the exception in section 7228, Revised Statutes 1909, then defendant, the principal, could not be convicted of any offense thereunder.

Appeal from Adair County Circuit Court.—*Hon. J. A. Cooley*, Judge.

AFFIRMED IN PART, REVERSED IN PART.

*Paul Higbee*, for respondent.

*Lew R. Thomason* for appellant.

*Greenfelder & Levy* of counsel.

TRIMBLE, J.—This is a prosecution for violation of the Local Option Law. It is founded upon an information which, at the trial, contained seven counts. Up-

on a trial before a jury, he was convicted on each count and his puishment assessed, on each, at a fine of $750 and six months in the county jail. Thereupon the defendant appealed to this court and then filed a motion to transfer the cause to the Supreme Court, because Constitutional questions were involved and raised. The cause was on said motion transferred to the Supreme Court because, if such questions were in the case, that court had jurisdiction, and if there were any doubt of said questions being properly raised, the Supreme Court was the tribunal which could at once and finally determine the matter. That court held the questions were not properly raised so as to give it jurisdiction, and transferred the case back to this court. [State v. Kramer, 222 S. W., 822.]

Originally, the information contained sixteen counts, but before the jury was empaneled all but seven were dismissed. The remaining counts, upon each of which defendant was convicted, were the second, fourth, fifth, eighth, ninth, thirteenth and fifteenth.

The second count alleged that the Local Option Law was in force in the city of Kirksville in Adair County, Missouri, containing 2500 inhabitants, and charged that defendant did, in said city in December, 1918, unlawfully keep, store for, and deliver intoxicating liquor to Charles B. Matthews. The fourth count was the same except that it charged defendant with an unlawful delivery of intoxicating liquor to John Harwood. The fifth charged defendant with an unlawful sale of intoxicating liquor to J. T. Curry. The eighth count charged an unlawful delivery of intoxicating liquor to J. F. Miller, Jr. The ninth count charged an unlawful sale of intoxicating liquor to W. L. Gillespie; the thirteenth charged an unlawful sale of liquor to Bird Calvin and the fifteenth charged an unlawful sale to D. D. Hilt.

The defendant was, at the time of the prosecution and of the commission of the alleged offenses, president of the Maycliff Distributing Company, located at St. Louis, Missouri, and the defendant resided there. As president of said Company, he sent circulars to persons

in Adair County soliciting them to buy intoxicating liquor and claiming therein to have obtained an order of court compelling the American Railway Express Company to accept shipments of intoxicating liquor and to deliver them to persons in dry territory.

In answer to these circulars, the respective persons named in the counts above mentioned sent orders to the defendant personally for intoxicating liquor. Each of the orders were so worded as to require the defendant to make Kirksville the place of the delivery proposed in his circular. For instance, the orders were dated at Kirksville and required the intoxicating liquor to be "delivered to me here" and saying the one ordering it would pay upon delivery. Upon receipt of these the defendant answered each, requiring the money to be sent with the order or before shipment was made, and saying that upon receipt of the money the shipment would go forward promptly, and in some of these replies the defendant stated that he would "guarantee safe delivery." The persons sending the order thereupon sent the required amount specifying that if defendant was not able to sell and deliver the liquor "to me here," the money should be returned. And in some of these letters sending the money, the risk and responsibility of delivering the liquor "to me here" was not only expressly stated to be with defendant and to rest entirely with him, but it was also stated the liquor was to be his until received by the one ordering it. The money sent was in the shape of checks or drafts payable to the order of the defendant personally. They were endorsed by him and cashed and the liquor was sent by express to the persons making the respective orders, and delivered to them in Kirksville, Adair County, Missouri.

It is urged by the defendant that the sale of the liquor took place in St. Louis and the delivery to the carrier there is the only delivery performed by the defendant, and hence there was neither an unlawful sale or delivery by defendant in Kirksville, or Adair County. Ordinarily such is the general rule where liquor is ordered from a point outside the jurisdiction and the segregation

and delivery thereof to the carrier takes place there. But the question is, under the particular contracts made by the orders and acceptances herein, where was the place of sale and delivery? We think the contract in each case fixed that place in Kirksville. [Benj. on Sales (7 Ed.), 700; 35 Cyc. 173, 174; 10 C. J. 352, sec. 519; Street v. Werthan, etc., Burlap Co., 209 S. W. 739; State v. Rosenberger, 212 Mo. 648; Ramsay v. Kilsen Mfg. Co., 22 L. R. A. 415, 421, notes.] The vendor in this case sent circulars into Adair County soliciting persons to buy liquor, claiming therein to have obtained an order of court whereby he could compel delivery there; the orders sent in answer thereto merely accepted his proposition and expressly fixed Kirksville as the place of delivery, and the defendant, by accepting the orders thus secured and made, certainly contracted to make that delivery which was necessary to complete the sale. [State v. Swift & Co., 198 S. W. 457; Thomas v. Ramsey, 47 Mo. App. 84; N. K. Fairbank Co. v. Illinois Central R. Co., 167 Mo. App. 286, 291.] And having undertaken to deliver at that place, he made the carrier his agent to do this for him. [Taussig v. Southern Mill and Land Co., 124 Mo. App. 200.] One can commit an offense and complete it through an agent; and the actual bodily presence of the defendant in the venue of the commission thereof is unnecessary. [16 C. J. 124; State v. Mispagel, 207 Mo. 557, 577.] The record does not disclose that any court issued an order compelling the Express Company to deliver liquor in dry territory. Pasted on each of the cartons in which the liquor was sent was printed matter purporting to be a copy of the concluding portion of a court order to that effect, and it seems that one of these was introduced in evidence but there is nothing to show that any court issued the same. However, even if the defendant did obtain such an order compelling the Express Company to deliver liquor in dry territory, this would be no defense for the defendant, whatever it might avail the Express Company if it were being prosecuted. By the very terms of this purported order, the carrier became the agent of the shipper

to transport and deliver the liquor.   Hence the defendant made the delivery in Kirksville and the place of sale was made there where it was completed by the delivery.   [Dick Bros. v. Quincy, etc. R. Co., 204 S. W. 584.]

There is no merit in the contention that the Maycliff Distributing Company and not the defendant made the sale.   The orders and the checks were sent to the defendant.   The liquor ordered was shipped immediately, and the checks were endorsed and cashed.   The presumption is that defendant personally received the orders.   [136 C. J. 298-303.]   Clearly under the evidence, including that of the defendant on cross-examination, there was ample support for the finding that defendant made the sale and delivery.

There was no error in permitting the introduction of the copies or duplicates of the orders which were made and retained by the persons at the time they made the orders.   The defendant had been served with notice to produce the originals.   And to introduce such documents is not compelling the defendant to testify against himself.   [State v. Pomeroy, 130 Mo. 489; State v. Sharpless, 212 Mo. 176.]

The point that the Local Option Law was not shown to have been adopted is likewise untenable.   The adoption of such law by both the city of Kirksville and the County of Adair was prima facie established when the respective records showing the results of the elections in regard thereto and the orders directing the results to be published were introduced.   [State v. Kennett, 151 Mo. App. 637; State v. O'Kelley, 156 Mo. App. 406; State v. Workman, 194 S. W. 525.]   There was no showing that there was any defect in the adoption or the publication of the results.

As hereinbefore stated, the second, fourth and eighth counts are for the unlawful *delivery* of liquor.   One of the three orders in these counts expressly stated that the liquor therein called for was for the personal use of the buyer and his family and the implication carried on the face of the other two, as well as the evidence in re-

gard thereto, was to the same effect. Now, section 7228,
Revised Statutes 1909, containing the exception to sec-
tion 7227 which forbids a delivery, says the latter sec-
tion shall not be "construed to prohibit any person from
ordering liquor for his own or family use, where such
liquors is sent direct to the persons using the same."
Here the transaction was between the dealer and the pur-
chaser direct and it was so sent to the latter. We do not
think the particular terms of the conract fixing the place
of sale in Kirksvile can have the effect of making an
offense out of the *delivery only* where such delivery
would otherwise not be an offense under section 7227,
since it would come within the exception provided for in
section 7228. True, the defendant was guilty of a *sale* in
Kirksville in each of the three cases where he was con-
victed of a *delivery;* but in those counts, he was not pros
cuted for a sale, and it is the charge upon which the
conviction is had that must be supported if the con-
victed of a *delivery;* but in those counts, he was not prose-
of delivery in the said three counts is concerned, the
facts bring the case within the exception. If a person
has a right to order liquor and have it sent to him, neces-
sarily this implies that some one must be allowed to
bring it. "Whether the order goes by mail or by mes-
senger may not be important, nor whether the article
is sent by express or by messenger, but it is important
that the transaction should be between the one who
orders for his own use and the dealer who fills the or-
der." [State v. Burns, 237 Mo. 216, 222.] Under the
facts shown in said three counts, the Express Company
could not have been convicted of the offense of delivery
since the liquor was for the buyers' personal use and the
transaction was between the buyer and the dealer direct.
Whatever was done by the defendant in the way of de-
livery was done by him through his agent, the Express
Company, and if it could not be convicted of a mere de-
livery, we fail to see how the principal could be con-
victed of that offense. The case of City of Kirksville v.
Warden, 276 Mo. 105, is not an authority for declaring
the defendant guilty of the offense of delivery herein,

for in that case the shipment was of so large a quantity —ten barrels and three kegs—and was to a Drug Company running a drug store, that there could be no claim that it was for the purchaser's personal and family use. In the three counts in the case at bar, not only does it appear from the orders that it was, but the shipments so stated and the evidence showed such to be the fact.

There is no error in the instructions. None of them comment upon the evidence, and certainly those relating to the four counts charging a sale are in proper form and unexceptionable.

It follows from what has been said that the judgment convicting defendant of the offense of delivery only, in counts two, four and eight, should be reversed, and that the judgments in the other four counts should be affirmed. It is so ordered. All concur.