STATE of Missouri, Respondent,

v.

Robert McCLARY, Appellant.

No. 24295.

Kansas City Court of Appeals.

Missouri.

Feb. 7, 1966.

Blackford & Wilhelmsen, J. William Blackford, Kansas City, for appellant.

Gerald Kiser, Pros. Atty., Liberty, for respondent.

BLAIR, Judge.

This is a prosecution for a misdemeanor under Sections 64.460–64.487 V.A.M.S., the County Option Dumping Ground Law.[1] The charge was that the defendant, on April 22, 1964, in Clay County, "willfully and unlawfully, did operate a disposal area for garbage, rubbish and refuse, without making application for, and obtaining a license for a dumping ground as provided for in Sections 64.460 to 64.487." The state and defendant stipulated that "Clay County effectively established its County Option Dumping Ground Law on March 21, 1960," Section 64.483, and was operating under this law at all times relevant to this controversy. The defendant was found guilty, in the precise language of the charge, of "operating a disposal area for garbage, rubbish and refuse, without making application for, and obtaining a license for a dumping ground." He appeals and asserts that the information does not charge him with any offense, since Sections 64.460–64.487, as he says, do not prohibit the operation of a dumping or disposal ground or area without first applying for and obtaining a license.

Invoking the doctrine that criminal statutes must be strictly construed, he

1. All statutory references are to Vernon's Missouri Annotated Statutes.

asserts that its application to the County Option Dumping Ground Law, hereafter called the dumping ground law, demonstrates that he has not violated any of its provisions. Criminal statutes must, indeed, be strictly construed, strictly against the state and liberally in favor of the accused. City of St. Louis v. Triangle Fuel Co., Mo. App., 193 S.W.2d 914, 915; State v. Chadeayne, Mo., 323 S.W.2d 680, 685. No person can be made subject to a criminal statute by guesswork or mere implication. State v. Taylor, 345 Mo. 325, 133 S.W.2d 336, 341. "A criminal statute is not to be held to include offenses or persons other than those which are clearly described and provided for both within the spirit and letter of the statute, and, if there is a fair doubt as to whether the act charged and proved is embraced within the prohibition, that doubt will be resolved in favor of the accused." State v. Hall, Mo.App., 351 S. W.2d 460, 463; State v. Dougherty, 358 Mo. 734, 216 S.W.2d 467, 471.

Thus a penal statute creating a new offense must be sufficiently clear to inform those sought to be subjected to it just what conduct on their part will render them liable to its penalties. "Statutes and ordinances which fix crimes, or quasi crimes, should so fix them that there can be no uncertainty. They should be so worded that one could read them, and know whether or not he was violating the law." Ex parte Taft, 284 Mo. 531, 544, 225 S.W. 457, 461; Ex parte Hunn, 357 Mo. 256, 207 S.W. 2d 468, 470.

"The reason of the rule (of strict construction) is found in the tenderness of the law for individuals, and on the plain principle that the power of punishment is fixed in the legislature, and not in the judicial department. It is the duty of the legislature, and not the courts, to define a crime, and ordain its punishment." State v. Reid, 125 Mo. 43, 28 S.W. 172, 173. These rules must prevail even though courts may think that the legislature ought to have made a law more comprehensive

and that by failing to do so it failed to accomplish a salutary purpose. 82 C.J.S. Statutes § 389, p. 928; 50 Am.Jur., Statutes, Sec. 388, p. 408; 26 Mo.Digest, Statutes, ▌ 9 Mo.Digest, Criminal Law, ▌

The defendant contends that there is only one section in the entire dumping ground law which describes a punishable offense. This is Section 64.463 which reads:

"No person shall dispose of any ashes, garbage, rubbish or refuse at any place except a disposal area licensed as provided in sections 64.460 to 64.487."

He then argues that the state cannot place its reliance on this section because he was not charged with disposing of anything in an unlicensed disposal area. In this argument he is correct. He was charged with operating a disposal area without first making application for and obtaining a license to do so. Accordingly, the state's case must stand or fall on the remainder of the dumping ground law and specifically on a determination of the question whether or not any provision of this law makes it a punishable offense to operate a disposal area without first applying for and obtaining a license.

Deciding this question we examine the entire dumping ground law to determine from its language whether or not it prohibits the conduct with which the defendant is charged and makes such conduct an offense. In addition to Section 64.463 above quoted, the law provides:

"1. Any person desiring a license to operate a disposal area shall make application therefor to the county court on forms provided by it. 2. The application shall contain the name and residence of the applicant, the location of the proposed disposal area, and such other information as may be necessary. The application shall be accompanied by a fee of twenty-five dollars." Section 64.467.

The law provides also that the county court shall notify the state division of health of the application for a license and that the division of health shall inspect the proposed site and determine if the proposed operation complies with the dumping ground law and the rules and regulations adopted pursuant thereto. If the division of health reports favorably on the application and the county court finds that the applicant is a responsible and suitable person, then the county court must issue a license to the applicant authorizing him to operate a disposal area on the proposed site for one year. All licenses expire one year after issuance but may be renewed upon payment of an annual fee of twenty-five dollars. The division of health is required to prepare and publish rules and regulations which shall contain sanitary standards for disposal areas and to inspect all licensed disposal areas. The county court may revoke any license after reasonable notice and hearing if it finds that the disposal area is not operated in a sanitary manner. Sections 64.470, 64.473 and 64.477. Section 64.487 provides: "Any person violating Sections 64.460 to 64.487 shall be guilty of a misdemeanor."

█ Accordingly, we see that if the defendant has been charged with an offense it must be by reason of the provisions of Sections 64.467 and 64.487, or a combination of those sections with other provisions of the dumping ground law. Yet our examination of this law convinces us that nowhere within the entirety of its provisions does it expressly prescribe, or clearly, plainly and necessarily imply, in the terms in which criminal laws must be written, any prohibition against the operation of a disposal area without first applying for and obtaining a license. One would normally expect that the legislature would want to include such a prohibition in a law of this nature and that it would declare it in clear and unmistakable language. Still the fact remains that this was not done. Whether this omission resulted from inadvertence or

studied consideration we cannot say. In any event, we are governed by what the legislature said by its own enactment, even though we might think an important provision has been omitted through inadvertence. As stated in Gray v. Wallce, Mo., 319 S.W.2d 582, 585; "We must, however, determine the legislative intent from what the legislature said and not from what we think the legislature intended to say or inadvertently failed to say." To like effect is United Air Lines, Inc. v. State Tax Commission of Missouri, Mo., 377 S.W.2d 444, 448, where our Supreme Court, en banc, said: "We are guided by what the legislature says, and not by what we may think it meant to say." Opinions that the legislature ought to have made the law more comprehensive and that by failing to do so it failed to accomplish a salutary purpose are wholly immaterial.

█ For us to enlarge the terms of this law by construction to make it embrace the defendant and his conduct would be a flagrant violation of the rule that criminal statutes must be construed strictly against the state and liberally in favor of the accused. We have no possible authority to construe this law as embracing an offense which is not already expressly written into it or so clearly, plainly and necessarily implied by the words the law employs that we can fairly say such offense is proscribed by the law beyond all rational doubt. State v. Hall, Mo.App., 351 S.W.2d 460, 463; State v. Dougherty, 358 Mo. 734, 216 S.W. 2d 467, 471; St. Louis County Library District v. Hopkins, Mo., 375 S.W.2d 71, 73; Wolfson v. Chelist, Mo.App., 278 S. W.2d 39, 43, affirmed, Mo., 284 S.W.2d 447; Christy v. Petrus, Mo. en banc, 365 Mo. 1187, 295 S.W.2d 122. What is charged against the defendant is not proscribed by this law. To read it into this law by construction would be for us to legislate rather than to adjudge, and this we are forbidden to do. "It is the duty of the legislature, and not the courts, to define a crime, and

ordain its punishment." State v. Reid, 125 Mo. 43, 28 S.W. 172, 173.

 On the other hand, it could well be that the failure of the legislature to prohibit the operation of an unlicensed disposal area was not an inadvertence. As observed, Section 64.463 prohibits any person from disposing of any ashes, garbage, rubbish or refuse except in a licensed disposal area. Section 64.487 provides that any person who violates Section 64.463 is guilty of a misdemeanor. Perhaps the legislature concluded that declaring all persons disposing of any of the forbidden wastes in an unlicensed area guilty of a misdemeanor was sufficient, as a practical matter, to coerce those "desiring" to operate a disposal area to obtain a license before doing so. Viewing the scope and effect of Section 64.463, the legislature might well have expected that no one would attempt to operate an unlicensed disposal area after he contemplated the consequences of doing so. Analyzed, that section means: (1) The operator of such unlicensed area would be guilty of a misdemeanor if he received and disposed of any of such wastes in such area. (2) The operator would be guilty of a misdemeanor if he aided, abetted, encouraged or solicited any other person to dispose of such wastes in such area and that person disposed of them there. State v. Muchnick, Mo.App., 334 S.W.2d 386, 388; State v. Kramer, 206 Mo.App. 49, 226 S.W. 643, 644; Kansas City v. Lane, Mo.App., 391 S.W.2d 955, 958; 9 Mo.Digest, Criminal Law, (3) Any customer of the operator of such an area who disposed of such wastes in such area would be guilty of a misdemeanor. Logically, the legislature could have believed that no operator of a disposal area would want to make continual misdemeanants of himself and of his customers, and thought that Section 64.463 was adequate to compel the licensing and regulation of disposal areas. At any rate, we cannot say that it did not think so.

Since we have reached the conclusion that the information charged no offense, it is unnecessary to consider other questions raised by this appeal.

The judgment is reversed and the defendant is discharged.

All concur.