The State v. J. A. Knapp, Appellant.—33 S. W. (2d) 891.

Division Two, December 31, 1930.

*Manard & Schwimmer* for appellant.

*Stratton Shartel,* Attorney-General, and *A: B. Lovan,* Assistant Attorney-General, for respondent.

COOLEY, C.—In the Circuit Court of Jackson County appellant was convicted of practicing optometry without having a certificate of registration as an optometrist. The offense charged is a misdemeanor, and the case comes to this court on defendant's appeal because of a constitutional question in the record, defendant having challenged the constitutionality of the provision of the act upon which the charge against him was based.

Appellant was, at the times involved herein, proprietor of a jewelry repair shop and store in Kansas City, having a permanently established place of business at which he kept for sale eyeglasses, jewelry and other articles of merchandise. He did not have a license or certificate of registration as an optometrist. He had in his store a device called a "Shore Self-Fitting Eye-testing Machine," which consisted of two disks, each about six inches in diameter, supported by a pedestal and having in front of the disks a projecting arm about sixteen inches long which supports at its end a card upon which are letters of varying size. One disk is stationary and has in it two openings or eye-cups through which the customer looks. The other disk, immediately in front of the first holds twelve sets of lenses or eyeglasses and can be rotated so that, successively, each pair of

lenses in the disk comes before the eyes of a person looking through the various lenses in disk number one, enabling him to look through the various lenses at the lettering on the card. The spectacles or eyeglassess kept for sale by appellant were in trays and were lettered or marked to correspond with the lenses in disk number two, so that a customer could thus select from the tray a pair of glasses corresponding to those in the disk that suited him, without trying on or handling the glasses kept in the tray. He, in effect, tried on the glasses in the tray by looking through the corresponding lenses in disk number two. It is claimed and appellant's evidence tends to show that the use of the machine conduces to convenience and better sanitation in that it renders unnecessary the handling and actual trying on by each prospective customer of the glasses kept for sale. A customer might, if he preferred, however, select from the tray without using the machine. Appellant would, in some instances at least, perhaps all, call the attention of a customer to the above mentioned device and if necessary instruct him how to use it. He did that in making the sale upon which this prosecution is based. The furnishing of said device for the use of his customers and the use thereof in the manner indicated, in selling eyeglasses or spectacles without license as an optometrist, constitutes the alleged offense of which appellant was found guilty.

Appellant urges two reasons for reversal of the judgment. First, that the legislative act, with violation of which he is charged, by its terms exempts one in his situation from its operation, and, second, that the sections of the act under which the prosecution is brought are unconstitutional.

The statute in question is the legislative act of 1921, entitled "An act to define and regulate the practice of optometry and fixing penalties for the violation thereof." It is found in Laws of 1921, page 532 et seq. It provides for a state board of optometry, the examination, licensing and registration of optometrists, and defines and regulates the practice of optometry. The sections of the statute which we have particularly to consider in this case are Section 5, defining what constitutes the practice of optometry, and Section 6, exempting certain classes of persons from the operation of the act. Those sections are as follows:

Section 5. "Any one of any combination of the following practices constitutes the practice of optometry:

"(a) The examination of the human eye, without the use of drugs, medicines or surgery, to ascertain the presence of defects or abnormal conditions which can be corrected by the use of lenses, prisms or ocular exercises.

"(b) The employment of objective or subjective mechanical means to determine the accommodative or refractive states of the human eye or the range or power of vision of the human eye.

"(c) The prescription or adaptation without the use of drugs, medicines or surgery, of lenses, prisms, or ocular exercises to correct defects or abnormal conditions of the human eye or to adjust the human eye to the conditions of special occupation. No registered apprentice may independently practice optometry. A registered apprentice may, however, under the immediate personal supervision of a registered optometrist, assist a registered optometrist in the practice of optometry."

Section 6. "The following persons, firms and corporations are exempt from the operation of this act:

"(a) Physicians or surgeons of any school lawfully entitled to practice in this State.

"(b) Persons, firms and corporations who sell eyeglasses or spectacles in a store, shop or other permanently established place of business on prescription from persons authorized under the laws of this State to practice either optometry or medicine and surgery.

"(c) Persons, firms and corporations who manufacture or deal in eyeglasses or spectacles in a store, shop or other permanently established place of business."

The State contends that the use by appellant or the furnishing for use of the device above mentioned constituted the practice of optometry as defined by Subdivision b of Section 5, supra, while appellant insists that under Subdivision c of Section 6 he is exempt from the operation of the act.

We think appellant's contention must be sustained. It is and of course must be conceded that "the statute exempts from the optometry law persons who deal in eyeglasses in a store, shop or other permanently established place of business." That appellant was and is such dealer is also admitted. But it is argued by the State that "this exemption does not authorize the merchant to attempt to test eyes or to furnish to the customer a self-testing device; all that a merchant can do under this exemption is to offer for sale eyeglasses and spectacles as other merchandise is offered for sale." Obviously, however, the sale of eyeglasses presupposes and requires some sort of test or trial by the customer to determine which particular pair of glasses best suits him, just as in buying a suit of clothes or a pair of shoes there must be some sort of "trying on" or test to determine the fit. That is a necessary incident to "dealing" in such an article and must have been in the contemplation of the Legislature when it exempted persons "who . . . deal in eyeglasses or spectacles in a store, shop or other permanently established place of business" from the operation of the act. If the merchant

permitted the customer to take from a tray, put on and look through pair after pair of glasses or handed him from the tray one pair after another until the customer found one that suited him, it could hardly be contended, and it is not contended, that he would be doing more than is permissible under the exemption. Or if the glasses kept for sale were arranged in some device. such that a customer could look through them without touching them until he found a pair that suited him, and he then bought that particular pair, it seems clear that the dealer would be within the statutory exemption. The testing device furnished by appellant, it seems to us, was in effect merely a means by which the customer could try various glasses without actually handling them. True, in looking through the machine he did not look through the identical glasses or lenses that were kept for sale but he did look through lenses exactly like those in the tray—samples thereof, so to speak—and thus, by trying or "testing" the samples, made his selection. Assuming, as is conceded in this case, that the lenses in the machine were exact duplicates of correspondingly marked glasses kept for sale in the tray, we do not see how the method of selection by use of the machine, as shown in this case, differs essentially in principle and effect, from that above suggested as illustrative, viz., placing the identical glasses kept for sale in a device such that the customer could look through them without handling them.

In exempting *from the operation of the act,* without exception or qualification, persons who deal in eyeglasses or spectacles in a store, shop or other permanently established place of business the Legislature must be presumed to have intended that such dealers might do the things reasonably and properly incident to such dealing. If, as argued by the State, a dealer in eyeglasses is not permitted to use or furnish to his customer *any* device or facility by which the customer may test or determine the suitability to his needs of the glasses offered him, would not the dealer be precluded from furnishing even a lettered card or other printed matter or object by which the customer could test the glasses offered for sale? We think such construction of the exemption clause is not authorized by its language and would practically defeat the evident purpose of the Legislature as expressed in that clause.

It is not our province to write into the exemption clause exceptions or qualifications which the Legislature did not see fit to place there. With the wisdom of the act and the propriety of the exemptions therefrom we have nothing to do. Those are matters for the consideration of the law-making body.

It is our opinion that appellant in conducting his business in the manner shown was within the exemption provided by Subdivision c of Section 6, supra, and therefore was not guilty of violation of

the act. This conclusion requires a reversal of the judgment and renders it unnecessary to consider appellant's further contention that the provisions of the act upon which the prosecution was based are unconstitutional. The judgment of the circuit court is reversed and the defendant is discharged. *Davis, C.*, concurs.

PER CURIAM:—The foregoing opinion by COOLEY, C., is adopted as the opinion of the court. All of the judges concur.