Henry F. FREED and Sophia W. Freed, on behalf of themselves and all other property owners and taxpayers of the St. Joseph Levee District of Buchanan County, Missouri, who are similarly situated, Respondents,

v.

Ben FEENEY, Appellant,

and

St. Joseph Airport Levee District of Buchanan County, Missouri, et al., Defendants.

No. 49914.

Supreme Court of Missouri,

Division No. 2.

Jan. 13, 1964.

Dan Hale, Strop, Watkins, Roberts & Hale, St. Joseph, for intervening appellant, Ben Feeney.

David R. Clevenger, Platte City, Stinson, Mag, Thomson, McEvers & Fizzell, Kansas City, for respondents Henry F. Freed and Sophia W. Freed.

PRITCHARD, Commissioner.

In this class action for a declaratory judgment, plaintiffs were successful in obtaining a declaration that 1,621.09 acres of land, owned and used by the City of St. Joseph, Missouri, as a municipal airport, lying with-

in 3,285.72 acres total of the newly formed St. Joseph Airport Levee District of Buchanan County, Missouri, are subject to special taxes and assessments, including taxes levied for organization, repair, construction and maintenance of works and improvements, levied against said property, and that the City of St. Joseph is liable for the levies imposed upon its property situated within the Levee District.

█ We have jurisdiction by reason of the fact that the City of St. Joseph, by bond issue or otherwise, will be liable for approximately one-half of $120,000, which must be paid as the Levee District's portion (for rights of way and other costs) before an additional estimated $1,500,000, now available by appropriation, will be expended by the United States Corps of Engineers under congressional financial commitments of the Pick-Sloan Plan for construction of the airport levee.

The position of the intervening defendant, Bernard Feeney, sole appellant here, is that the trial court erred in granting relief to the plaintiffs as prayed for the reason that there was no statutory authority to include the St. Joseph Airport (the City's property) in the St. Joseph Levee District.

The chronological order of the events leading up to the present litigation is as follows:

On October 13, 1961, by Special Ordinance No. 16776, the city officials of St. Joseph (then concededly a city of the first class) were authorized to sign, on behalf of the City, the Articles of Association of the St. Joseph Airport Levee District, which was organized on December 15, 1961. By decree of the Circuit Court of Buchanan County, made pursuant to proceedings under Section 245.010 et seq., RSMo 1959, V.A.M.S., a deed of incorporation to said Levee District was entered on February 2, 1962.

The action under said Special Ordinance No. 16776 is claimed by respondents to have been taken by the City of St. Joseph under the authority of Section 246.270, V.A.M.S. (L.1961, p. 446 § 1–3) which became effective on October 13, 1961. This section of the statutes permits property owned by a city, in this case located outside the city limits, to be included in an existing or proposed drainage or levee district, by ordinance consenting thereto, upon a finding after hearing and notice thereof, that the drainage or levee district will protect such property from overflow or other waters or will provide for the drainage thereof, and that it is to the best interests of said city and its inhabitants to adopt such an ordinance. The statute further makes the city liable for any special taxes or assessments, including taxes levied for the construction, repair and maintenance of works and improvements levied against the city's property in the district to the same extent as if the property were owned by a private person, and the city shall be considered a landowner for all purposes, including for the purposes of determining the sufficiency of any articles of association, petition or other instrument executed by such city, and for election voting purposes held within such drainage or levee district.

On October 31, 1961, by Special Charter Election held for that purpose, and by vote of 6,385 for and 5,421 against, the people of St. Joseph, Missouri, adopted the Charter form of government. There are certain sections of the Charter which are claimed by respondents to be relevant to this controversy as follows:

"Section 2.13 *POWERS.* Without limitation of the powers conferred upon the City by Section 1.3 of Article I of this charter, or by any other provision hereof, the Council shall have power by ordinance not inconsistent with this Charter to do, but shall not be restricted to, the following:

\* \* \* \* \* \*

(30) Co-operate, or join by contract or otherwise, with other cities, with counties, states, the United States, or other governmental bodies, singly or jointly or in districts or associations for

promoting or carrying out any of the powers of the City, or for the acquisition, construction or operation of any property, works, plants or structures convenient or necessary for carrying out any of the purposes or objects authorized by this charter."

"Section 18.19 *PUBLIC IMPROVE-MENTS IN PROCESS*. Public improvements for which proceedings have been initiated under prior charter provisions may be carried to completion as nearly as practicable in accordance with the provisions existing at the time of commencement of the proceedings."

"Section 20.2 *ORDINANCES TO RE-MAIN IN FORCE*. All ordinances, regulations and resolutions in force at the time this charter takes effect, which are not inconsistent with the provisions of this charter, shall remain and be in force until altered, modified or repealed by or under authority of this charter or ordinance."

"Section 20.5 *CONTINUANCE OF CONTRACTS, PUBLIC IMPROVE-MENTS AND TAXES*. All contracts entered into by the City, or for its benefit, prior to the taking effect of this charter, shall continue in full force and effect. Public improvements for which legislative steps have been taken under laws existing at the time this charter takes effect may be carried to completion as nearly as practicable in accordance with the provisions of such existing laws. All taxes and assessments levied or assessed, all fines and penalties imposed, and all other obligations owing to the City which are uncollected at the time this charter becomes effective, shall continue in full force and effect and shall be collected as if no change had been made."

"Section 21.1 *CERTIFICATION OF ELECTION*. In the event that this charter is approved by the voters, as herein provided, the results of said election shall be duly certified by the Mayor, and the Mayor and the Council shall take all necessary steps for the establishment, filing and recording of this charter. This charter shall, in such event, become in full force and effect for the purpose of carrying out the time schedule herein provided."

Without setting it forth in full, we mention that Section 21.2 of the Charter provides that the Mayor and Council and other elective and appointive officials shall continue to hold office and exercise their powers until the third Monday in April, 1962.

It is seen from the foregoing events that prior to the time that the Levee District was organized (December 15, 1961) and prior to the time it was incorporated by court decree (February 2, 1962), St. Joseph had become a Constitutional Charter City under Const.Mo., Art. 6, § 19, V.A.M.S., after the adopting vote of its people on October 31, 1961.

Appellant apparently claims that the adoption of the charter form of government by the City subsequent to the date Ordinance No. 16776 was enacted cut off any power of the circuit court to proceed further in establishing the Levee District and including therein the City's airport property under said Section 246.270. Contrary to this, respondents contend that since the proceedings to make the City's airport a part of the Levee District was begun at a time when the statute, Section 246.070, was applicable, the City was entitled to go forward thereunder; that when the charter became effective it was subject to such proceedings as had already been commenced under the previous form of government.

Respondents' contention is correct. The Charter Commission which prepared the provisions of the charter for submission to the voters very carefully made provisions that the antecedent acts of the City would be carried out. See Section 18.19 above, to the effect that Public Improvements in Process may be carried to completion; Section 20.2, that ordinances not

inconsistent with the charter shall remain in force; and Section 20.5, that contracts, public improvements and taxes shall be carried to completion as nearly as practicable in accordance with the provisions of laws existing at the time the charter takes effect. See 62 C.J.S. Municipal Corporations § 437c, p. 838. It is clear from the above charter provisions that the intention was to continue the ordinances governing the City until such time as they might be modified, codified or expressly repealed. The adoption of the charter did not have the effect of repealing any pre-existing ordinances, including the above-mentioned Ordinance No. 16776 which initiated the proceedings under Section 246.270, RSMo 1959 (Supplement, L.1961, p. 446, §§ 1–3), which was then effective.

■ It follows, then, that the Circuit Court initially had jurisdiction to proceed under said Section 245.010 et seq., RSMo 1959, V.A.M.S., to a final decree of incorporation of the Levee District, which was done. Such jurisdiction could not be divested under the facts of this case by a change in the form of government of the City of St. Joseph. An analogous situation was presented in the case of State ex rel. Renick v. St. Louis County Court, 38 Mo. 402, where the County Court had statutory jurisdiction to inquire whether any person in the county was so addicted to habitual drunkenness as to be incapable of managing his affairs, and in such cases to appoint a guardian. After the County Court had initiated proceedings in such a case, a statute was enacted giving the Probate Court like jurisdiction. The court held, 38 Mo. loc. cit. 407, "Where a tribunal originally obtains and exercises jurisdiction, that jurisdiction will not be overturned and impaired by any legislative enactment unless express prohibitory words are used." See also State v. Jaeger, 157 Mo.App. 328, 138 S.W. 345, 349, where it was said, "When the jurisdiction of a court is exclusive and such jurisdiction had once lawfully attached, it cannot be ousted by subsequent events or facts arising in the case, but the court

may proceed to final judgment unless some constitutional statute operates to divest that particular court of its jurisdiction."

Along the foregoing line of authority for continuing jurisdiction is the case of State ex rel. Collins v. Rooney, 361 Mo. 389, 235 S.W.2d 260, cited and relied upon by respondents. There, the North Kansas City Levee District was organized in 1909, and its existence was extended for 25 years in 1934. 177 acres of the 2,585 acres of the District were annexed to Kansas City on January 1, 1950, and also in 1950 a decree under an amended plan of reclamation of the District, under the Pick-Sloan Plan, was entered upon a petition therefor which was filed March 18, 1959. It was held that the Circuit Court of Clay County had jurisdiction and authority to proceed in accordance with the amended plan for reclamation as approved by its decree and that the annexation of a portion of the District by Kansas City did not take away the District's constitutional and statutory powers, the District having been in existence for over 40 years without any of its territory being in Kansas City.

Inasmuch as the proceedings here were begun under a valid statute and a valid ordinance, and since the new charter provisions retained the existing ordinances of the City of St. Joseph, the Circuit Court of Buchanan County had jurisdiction to enter its decree incorporating the Levee District, including therein the lands belonging to the City, pursuant to Section 245.010 et seq. RSMo 1959, V.A.M.S., and subjecting such lands to the taxes and assessments of the Levee District.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM:

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.