**ST. LOUIS COUNTY LIBRARY DISTRICT, a Body Corporate, Respondent,**

v.

**James HOPKINS, Director of Revenue of St. Louis County, et al., Appellants,**

**City of Kirkwood, a Municipal Corporation, et al., Intervenors-Appellants.**

No. 49918.

Supreme Court of Missouri,

Division No. 1.

Jan. 13, 1964.

Motion for Rehearing or for Transfer to Court En Banc Denied Feb. 10, 1964.

James Butler, Clayton, for defendants-appellants.

John R. Barsanti, Jr., Shulamith Simon, Husch, Eppenberger, Donohue, Elson & Jones, St. Louis, for intervenors-defendants-appellants.

Philip A. Maxeiner, Dominic Troiani, Lewis, Rice, Tucker, Allen & Chubb, St. Louis, for plaintiff-respondent.

HOUSER, Commissioner.

When taxable property lying within the boundaries of a county library district is incorporated by annexation into the boundary limits of a municipality which has a tax supported free public library may the county library district continue to levy and collect taxes on such property? This question arises in an action for a declaratory judgment under Chapter 527, V.A.M.S., brought by St. Louis County Library District against the Director of Revenue and the Assessor of St. Louis County, the Board of Trustees of the Florissant Free Public Library and the owners of three parcels of taxable property lying within the boundaries of St. Louis County Library District and recently annexed by the City of Florissant. The City of Kirkwood and the board of trustees of its public library intervened. The petitioning county library district sought a judicial declaration that it has the right to have its annual library tax levied upon the property lying within the area annexed by the City of Florissant. The trial court granted the relief prayed. The Florissant and Kirkwood library boards, the City of Kirkwood, and the property owners (acting as representatives of the whole class of property owners) have appealed.

■ Jurisdiction lies in this Court because the construction of the revenue laws of the state and the Constitution, Art. X, § 3; Art. I, §§ 2, 10, 26 and 28, Constitution of 1945; V.A.M.S.; and Amendment XIV, Constitution of the United States, is involved. Midwest Bible & Missionary Inst. v. Sestric, 364 Mo. 167, 260 S.W.2d 25.

The following is based upon an agreed statement of facts. St. Louis County Li-

brary District (hereinafter sometimes referred to as "District") is a body corporate, a "county library district" organized and established in 1946 under the provisions of Chapter 182, V.A.M.S. The geographical boundaries of District at the date of its establishment were identical with the boundaries of St. Louis County, including all unincorporated areas of the county and all municipal corporations therein except the territory of all cities and towns in the county with free public libraries maintained at least in part by taxation. The cities of Brentwood, Clayton, Ferguson, Florissant, Kirkwood, Maplewood, Richmond Heights, Rock Hill, University City, Webster Groves and Valley Park fall in the latter category and were not included in District.

At all times mentioned herein there were, and there presently are, duly authorized and lawful public library taxes for the respective benefit of District, Florissant and Kirkwood public libraries, which were and are to be levied on all taxable property subject to such taxes. At all times mentioned the lawful rate of taxation for each of these three entities has been duly certified to the director of revenue, the assessor, and their predecessors.

Before March 1, 1961 it was the duty of the county clerk and after that date the duty of the assessor, after due certification, to extend the legal rate of taxation for these three entities on the tax books of the county to all taxable property subject to such taxes.

The City of Florissant took steps to annex and in January, 1961 legally completed the annexation of certain unincorporated tracts of land in St. Louis County, including the lands of the property owners made parties defendant. Before January 24, 1961 District's lawful rate of taxation was extended to these annexed tracts of land in the county tax books and District received taxes therefrom. After January 24, 1961 the county clerk no longer thus extended District's lawful rate of taxation

and District therefore no longer receives taxes from the property thus annexed. After January 24, 1961 the county clerk began extending Florissant Free Public Library's lawful rate of taxation on the county tax books to the annexed property and since that time Florissant Free Public Library has been receiving taxes therefrom. Since March 1, 1961 the county assessor (rather than the county clerk) has had custody and control of the tax books and the duty of extending the lawful rate of taxation in the tax books to all property subject to taxation, and has continued to extend Florissant Free Public Library's rate to the annexed area and has not extended District's rate thereto, as a result of which District has not been receiving taxes from the property in the annexed area since March 1, 1961.

The same situation has developed as a result of the annexation by the City of Kirkwood of several adjacent areas of unincorporated lands lying within District.

Appellants' first point is that the court erred in ruling that the tax rate for the benefit of District could be levied on property annexed by Florissant (a city maintaining a public, tax-supported library) because the governing statutes "provide for the establishment of city libraries as a function of municipalities, * * * [and] contemplate the servicing of all property within a city maintaining a public library by the municipal library and the assessment of all such property for city library purposes"; that when the city annexes territory included in the tax base of the county library district the city public library, under the proper interpretation of Chapter 182, V.A.M.S., becomes entitled to the library tax revenue from that territory and library taxes for the benefit of the county library district may no longer be imposed upon the property located in the annexed territory; that otherwise the annexed properties would be exposed to taxation for both a city and a county library, which would result in unfair and disproportionate taxation.

Appellants argue that the original public library statutes, Laws 1885, p. 193, § 1, provided only for city libraries; that from the original to the present statutes the language and phraseology establish public libraries as a function of the city and an agency of the city government to serve and be financially supported by all of the residents of each municipality maintaining a free public library; that later provision for county public libraries did not change this concept, but was intended to meet the needs only of persons not served by city libraries; that the intention of the legislators was that residents of cities with public libraries be taxed for their city libraries, and residents of unincorporated areas or of cities not maintaining libraries be taxed for a county library, upon approval by the voters, but not to tax the same groups for both city and county library purposes. Appellants summarize certain sections of Chapter 182, V.A.M.S., and argue that their impact is that all property within a city maintaining a public library is to be taxed for municipal library purposes as and when such property becomes a part of the city, without distinction between property originally included within city boundaries and that brought in by subsequent annexation, and that property owners within a city are immune from assessment for county library purposes.

We find nothing in the annexation, taxation, or library statutes, or in the statutes relating to cities, towns and villages, to justify appellants' construction, which attributes to cities a superior, exclusive and pre-emptive right to supply library services to and impose library taxes on territory appropriated out of a duly established county library district by the city's unilateral act of annexation.

■ St. Louis County Library District is a body corporate, § 182.070, V.A.M.S., to which the General Assembly has granted the power to levy and collect a tax for a free county library, § 182.020, subd. 1, V.A.M.S. Likewise the City of Florissant has the authority to levy and collect a tax for the maintenance of a library. § 182.145, V.A.M.S. These two types of public corporations are of equal and coordinate power and responsibility in their respective separate jurisdictions. The taxing power of District is coextensive with the geographical boundaries of District, and that of the city is coextensive with the city limits. The geographical boundaries of the District, determined in 1946 at the time of its organization and establishment, § 182.010, V.A.M.S., include all of St. Louis County except the territory of the cities named in the third paragraph of this opinion. At all times since 1946 the territory annexed by the city has been part and parcel of, and embraced within, the boundaries of the District. The city limits, since the annexation, have been enlarged to include the territory annexed.

■ The taxing powers and the boundary limits of these two public corporations were fixed and established by general laws. These powers and limits can be changed only by a general law on the subject, or by following a statutory procedure prescribed by a general law. They were not changed by operation of law as a result of the extension of the city limits. The annexation resulted in overlapping jurisdiction over the same territory by two public corporations, but did not automatically cut down, reduce or effect any change in the taxing power or the boundary limits of the District. The powers of this public corporation in the field of taxation for library purposes continued unabated and in full force and effect after the annexation. The District's taxing power would be affected only if there were a specific statute so providing, or general statutes from which such a result necessarily would be implied. There is no specific statute on the subject. No general statute or statutes expressly or by necessary implication direct that when a city annexes territory included in the boundary limits of a county library district the city pre-empts the territory for library purposes, or that taxes for the

support of the county library district may no longer be imposed upon property in the annexed territory, or that the boundary limits of the district shall be diminished to correspond with the enlargement of the city limits. Provisions not found plainly written or necessarily implied from what is written "will not be imparted or interpolated therein in order that the existence of [a] right may be made to appear when otherwise, upon the face of [the statutes], it would not appear." Allen v. St. Louis-San Francisco Ry. Co., 338 Mo. 395, 402, 90 S.W.2d 1050, 1053, cited with approval in State v. Allen, 344 Mo. 743, 128 S.W. 2d 1040, 1043. In the absence of applicable legislation regulating this situation the county clerk and director of revenue were without any legal right or authority to refuse to extend the taxes for the county library district on property lying within the annexed area.

These conclusions find support in the adjudicated cases. Thus in State ex rel. Collins v. Rooney, 361 Mo. 389, 235 S. W.2d 260, it was held that the annexation by Kansas City of a part of an established levee district did not have the effect of cutting down or changing the boundaries, authority, rights and taxing powers of the levee district. And in School Dist. No. 7 v. School Dist. of St. Joseph, 184 Mo. 140, 82 S.W. 1082, this Court overruled the contention that the extension of the city limits of St. Joseph by operation of law extended its school district boundary lines so as to include a portion of an adjoining school district, pointing out that each school district is a body corporate, a separate legal entity created and governed by law, with its boundaries, privileges and liabilities measured by law and that "they can only be changed by the law of this state." 82 S.W., l. c. 1086. In State ex rel. Lowe v. Henderson, 145 Mo. 329, 46 S.W. 1076, the City of Kansas City, which was organized into a single school district, extended its limits to embrace all of the territory of the City of Westport, which also was organized into a school district. This Court

held that the extension of the limits of Kansas City over Westport did not, as a matter of law, extend the lines of the school district of Kansas City over Westport and annex the Westport district to the Kansas City district for school purposes, or extinguish the Westport School district; that cities and school districts are both " 'creatures of the statute, by which their corporate existence may be ended, or their rights and duties, together with the territorial extent of both, enlarged or restricted. In providing for the extension or contracting of city limits under the general law relating thereto, nothing whatever is said as to the school districts, or the effect of such extension or contraction in reference thereto. * * * In the absence of any statute expressly providing that the extension of the limits of a city has the effect to bring under the control of a school district then existing within a city the territory so attached, it cannot be so held. It cannot be said to be done by operation of law, when there is no such law.' " 46 S.W., l. c. 1079. In Inter-City Fire Protection Dist. v. Gambrell, 360 Mo. 924, 231 S.W.2d 193, the county court in extending the taxes for a fire district on the tax books refused to extend the taxes on property in the district which had been annexed to the City of Independence. The reason for the refusal was that the General Assembly had passed a law excluding such areas from the fire district. This Court found that the new law had not gone into effect at the time the county court refused to extend the taxes and held that the county judges were "without any legal right or authority" to refuse to extend the taxes to include property in the fire district annexed to the city. In other words, until the statute became effective the annexation did not affect the fire district's right to tax.

Where the General Assembly has intended to make provision for the result in cases of overlapping functions resulting from annexations it has done so. For instance, § 235.240, V.A.M.S., regulates

the question of debts, liabilities and obligations and the title to property of an entire street light maintenance district annexed by a municipality. Section 247.160, V.A.M.S., makes provision for the continued operation or disposition of the mains and equipment of a public water supply district when all or a part of its territory is annexed by a municipality. Section 247.170, V.A.M.S., prescribes the procedure for detachment from the public water supply district of areas annexed, under certain conditions. Section 165.263, V.A.M.S., provides that extension of the limits of any city, town or village organized under the laws shall have the effect to extend the limits of the town or city school district to the same extent. And see § 321.320, V.A.M.S., providing for the exclusion from certain fire protection districts of property in the district "included within a city having a population of forty thousand inhabitants or more, * * *." That the General Assembly has not seen fit to make provision for the instant situation is significant in determining the legislative intention.

The legislative history of Chapter 182, V.A.M.S., supports our conclusion. St. Louis County Library District was established twelve years before annexation proceedings were commenced by the City of Florissant. In 1946 there were in full force and effect two statutes which, if found applicable to annexed territories of cities and towns, may well have governed a situation of this kind. Section 14771, RSMo 1939, later renumbered 182.030, V.A.M.S., *exempted* all property in a city or town with an existing free tax-supported library from any tax for the support of the free county library in a county library district and prohibited voting in such city or town on the proposition of establishing a tax levy for establishing or maintaining a free county library. Section 14772, RSMo 1939, later renumbered 182.040, prescribed a procedure to enable the legislative body of a city or town to become a part of an existing free county library system.

Paragraph (2) thereof prescribed a procedure by which the legislative body of a city or town which had become a part of an existing free county library system could cease to be a part of it, whereupon "the property situated in such city or town shall not thereafter be liable to taxes for free county library purposes." Old sections 182.030 and 182.040, however, were *repealed* by Laws 1955, p. 547, 548, and in lieu thereof new sections numbered the same were enacted.

New § 182.030, in effect at the time of the annexation and still in effect, prescribes a procedure by which the voters in an existing municipal library district within a proposed or existing county library district may be included within the latter and may assume tax liability for the establishment and maintenance of the county library district. If the voters oppose the county library district "the existing municipal library district shall continue." New § 182.-040 prescribes a procedure by which after a county library district is established any city, town or village excluded therefrom because of the maintenance of a tax-supported municipal library may become a part of the free county library district, "and thereafter the property within the municipal library district shall be liable for taxes levied for free county library purposes in lieu of the municipal library tax."

New §§ 182.030 and 182.040 indicate a legislative intention to preserve the territorial integrity and encourage the growth and expansion of county library districts; to provide for the absorption by them of municipal library districts, and to extend the taxing powers and jurisdiction of county library districts at the expense of municipal library districts. Appellants' position is not supported by a consideration of these new sections. Nor is appellants' claim of immunity or exemption from taxation by the county library district advanced when we consider that the General Assembly *repealed and did not re-enact* the section exempting city and town property

from any tax levy for the support of the free county library in the county library district. "Taxation is the rule. Exemption therefrom is the exception. Claims for exemption are not favored in the law." Midwest Bible & Missionary Inst. v. Sestric, supra, 260 S.W.2d 1. c. 30. No presumption is indulged in favor of claims of exemption. State ex rel. Arenson v. City of Springfield, Mo.Sup., 332 S.W.2d 942, 948, and case cited, [4]. The intent to tax and not to exempt is indicated where the General Assembly has abolished a pre-existing exemption.

Appellants' second point is that the imposition of a tax for county library purposes on property annexed by a city maintaining a public, tax-supported library cannot be constitutionally upheld.

Appellants claim it violates Art. 10, § 11(a), Constitution of Missouri, which provides that "Taxes may be levied by counties and other political subdivisions on all property subject to their taxing power, * *" for the suggested reason that the annexed property "is eliminated, for all purposes, from the coverage of the county library." Our ruling on appellants' first point disposes of this claim.

Appellants also assert that the continued levy of taxes on land after its annexation by a city maintaining a library does not conform to the requirements of Art. 10, § 3, Constitution of Missouri, which provides that "Taxes * * * shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax. * * *" The argument is that all lands within Florissant are a part of a single class, and that it is unreasonable to separate them, for library taxing purposes, on the basis of the time of their inclusion within the municipal boundaries; that such an arrangement constitutes an infringement of the rights of the owners of the annexed lands to equality under the law, citing Art. I, §§ 2, 10, 26

and 28, Constitution of Missouri, and the 14th amendment to the federal constitution.

We find no constitutional impediment. The two taxes in question are imposed by law by two separate taxing authorities, the city library and the county library district. The two taxes would be applied uniformly to the area within the respective districts, both of which include the annexed area. "The principle of uniformity is not violated by levying taxes by two overlapping taxing districts on the same property for similar purposes." 1 Cooley, Taxation, Fourth Ed., § 324. The requirements of equality in taxation are met. The burden of the county library district tax falls equally and impartially upon all of the persons and property subject to it. 84 C.J.S. Taxation § 22, b., p. 77.

Appellants ably argue that there are undesirable consequences from the continuation of the tax levy for county library purposes. If statutory amendment is desirable in the field of overlapping taxing districts resulting from municipal annexations it is for the General Assembly, not the courts, to make the necessary alterations. State v. Allen, supra, 128 S.W. 2d, 1. c. 1046. "The argumentum ab inconvenienti so well put by counsel * * has not convinced us that it is the prerogative of this court to supply what is clearly a casus omissus." State ex rel. Lowe v. Henderson, supra, 46 S.W., 1. c. 1078.

The judgment is affirmed.

COIL and WELBORN, CC., concur.

PER CURIAM.

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.