**CONSOLIDATED FREIGHTWAYS COR-
PORATION OF DELAWARE, a cor-
poration, Plaintiff-Appellant,**

v.

**STATE of Missouri et al., Defendants-
Respondents.**

No. 56272.

Supreme Court of Missouri,
Division No. 2.

Sept. 11, 1972.

Certiorari Denied May 29, 1973.
See 93 S.Ct. 2732.

Motion for Rehearing or Transfer to Court
En Banc Denied Nov. 13, 1972.

G. Carroll Stribling, P. Terence Crebs, Fordyce, Mayne, Hartman, Renard & Stribling, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Jefferson City, for respondents.

FRANK D. CONNETT, Jr., Special Judge.

Plaintiff-Appellant, Consolidated Freightways Corporation, hereinafter referred to as plaintiff, has brought suit against the State of Missouri, its Collector of Revenue and its Director of the Department of Revenue, hereinafter referred to as the State, to compel the State to either refund or give it credit for $219,204.20 it has heretofore paid to the State in taxes on diesel fuel which was purchased in Missouri but consumed in other states and taxed by other states. Chapter 142 of V. A.M.S. is the motor vehicle fuel tax law. Sections 142.010 to 142.350, inclusive, levy a tax and provide for the collection thereof on motor fuels sold and delivered to users in Missouri which are defined in § 142.010 as gasoline and other liquids having certain physical properties or characteristics. Sections 142.361 to 142.610, inclusive, levy and collect a tax at the same rate as that applying to motor fuels on what is called special fuel sold and delivered to users in Missouri, and defined as all fuels suitable for propulsion of motor vehicles other than that defined as motor fuels in § 142.010. The principal fuel to which this tax is applied is diesel fuel.

In 1965 the General Assembly enacted the Motor Vehicle Fuel Tax Act. In essence, it empowered the Director of Revenue to determine if certain commercial motor vehicle operators were paying a fuel tax on an amount of fuel equivalent to the amount of fuel consumed on the highways of Missouri. If the amount of fuel on which a tax was paid was not equivalent to the fuel consumed in Missouri, the Director was empowered to assess and collect the difference. If the amount of fuel on which a tax was paid to Missouri was greater than the amount of fuel consumed in Missouri, the Director was empowered to give credit, if a tax was paid to some other state on such fuel. This tax will be hereinafter referred to as an "equivalent tax." This 1965 Act carried no stated section number when it was enacted. It was placed in that portion of Chapter 142 relating to motor fuels and given the number 142.355.

The second clause of the second sentence of the third paragraph of the 1965 Act (now Subsec. 3 of § 142.355) is the provision of the Act upon which plaintiff relies. It requires the Director of Revenue to "give credit for the tax on fuels on which the tax is paid to Missouri but which is consumed in another state and on which a fuel tax is paid to such other state."

Plaintiff's amended petition was dismissed by the Circuit Court on the motion of the State upon the grounds that the petition failed to state a claim upon which relief could be granted. The State's position is that § 142.355 applies only to motor fuels and not to special fuels such as diesel fuel used by plaintiff and so plaintiff cannot recover, while that of the plaintiff is that the section applies to both motor fuels and special fuels. In order to determine whether the terms "tax on fuels" and "fuel tax" applies to motor fuels only or to both motor fuels and special fuels we must look at the entire Act.

■ The first paragraph of the Act (now Subsec. 1 of § 142.355) uses the term "motor fuel" and is the authority for the Director of Revenue to investigate as to "whether or not the motor fuel tax at the rate prescribed in Section 142.025, is paid on an equivalent amount of motor fuel consumed upon the highways of this state by each owner or operator of commercial motor vehicles in this state which are equipped with fuel supply tanks of over thirty gallons." This paragraph does not use the term special fuel or special fuel tax. Further, § 142.025 sets the rate for taxes on motor fuels. Section 142.371 sets the rate for taxes on special fuels; albeit the rate is set as the same rate as that set by § 142.025. Therefore, we conclude that this portion of the Act empowered the Director of Revenue to investigate the payment of the taxes on motor fuels as defined in § 142.010 only, and does not authorize him to make such an investigation as to the payment of taxes on special fuels as defined in § 142.361.

■ The next paragraph (now Subsec. 2 of § 142.355) provides that if the Director finds that such operator or owner is not paying "motor fuel tax on fuel to this state which is equivalent to the fuel consumed on the highways of this state, the director is authorized to assess and collect a fuel tax at the rate prescribed by law" against such operator or owner "on the difference between the amount so consumed and the amount on which the fuel tax is paid to this state." Again, the only reference is to the tax on motor fuel; no reference is made to special fuel. The fact that the last two times the term "fuel tax" is used it is not designated as motor fuel tax does not persuade us that the General Assembly intended to include special fuel tax in the term fuel tax, in view of the fact that the first paragraph plainly refers to motor fuel and the first reference to the tax in the second paragraph uses the term "motor fuel tax." The rule of ejusdem generis persuades us to the contrary. Therefore, this paragraph does not authorize or empower the Director of Revenue to assess and collect such a tax on the owner and

operator of such commercial vehicles that use special fuels.

■■■ The first sentence of the third paragraph referred to above commences by authorizing the Director of Revenue to "require such users to register, make quarterly reports, and pay any tax due on or before . . . . . .." The term "such users" can refer only to those referred to in the first two paragraphs; that is, those operators and owners of certain commercial motor vehicles which use motor fuel and not those which use special fuel. It naturally follows that when the Director is empowered to investigate, assess and collect an equivalent tax on users of motor fuel and is not so empowered as to users of special fuel, it was not intended by the use of the term fuel tax in the crediting provision of the Act in the second sentence of Paragraph 3 to empower him to give credit for the taxes paid by special fuel users who are not subject to the equivalent tax but, on the contrary, was limited to giving credit to those users who are required to make quarterly reports and were subject to the equivalent tax. Certainly, those who are not subject to a tax cannot be given credit on such a tax. It should be remembered that both motor fuel users and special fuel users are required by other sections of Chapter 142 to pay a tax on those fuels as they are purchased in Missouri, regardless of whether they will be consumed on Missouri highways or not.

■■■ The first clause of the second sentence of the third paragraph provides for credit for overpayment. It appears to us that this provision for credit could apply only to the overpayment of taxes assessed by this 1965 Act. Since the provision for credit for tax payment in the first clause applies only to those subject to the payment of the equivalent tax; that is those who have overpaid the tax, it follows that the provisions in the second clause for credit for taxes paid in Missouri for fuel consumed and taxed in other states should

also apply only to those subject to the equivalent tax.

Furthermore, it would be illogical to apply that portion of the law allowing credit for taxes paid in Missouri on fuel consumed in and taxed in other states to users of special fuel when, as we have found, there is no requirement for users of special fuel to pay a tax on fuel consumed in Missouri but not otherwise taxed in Missouri.

Plaintiff argues that the Legislature intended to apply the 1965 Act to both special fuel users and motor fuel users because the overwhelming majority of commercial motor vehicles having fuel supply tanks of thirty gallons or more use diesel fuel, and if the 1965 Act does not apply to them, then the Act would not apply to most commercial motor vehicles. If so, so be it. " 'A difference of opinion may exist as to the wisdom of statutes of this character,' but this question is within the discretion of the legislature. What the legislature intended, of course, we must conclude from the language it used." Bradley v. Elsberry Drainage District, Mo.Sup., 425 S.W.2d 950, 955[5–6]; State v. Knapp, Mo.Sup., 327 Mo. 24, 33 S.W.2d 891, 893.

Although motor fuel and special fuel are both taxed at the same rate, the procedure for assessment and collection of the taxes are different. Chapter 142 contains two complete tax laws. One applies to motor fuel and the other applies to special fuels. Although the General Assembly could have made special fuel as well as motor fuel subject to this equivalent tax, they are not required to do so, and we should not infer that such was their intention without a clear indication that such was their intention. Missouri Public Service Co. v. Platte-Clay Electric Corp., Mo.Sup., 407 S.W.2d 883, 891[13–14]; United Air Lines, Inc. v. State Tax Commission, Mo. Sup., 377 S.W.2d 444, 448, 449[2–6].

Plaintiff contends that the use of the term motor vehicle fuels in the title to the Act and in Subsec. 3 (now Subsec. 9) of 142.355, which declared the Act to be "nec-

essary to the effective collection of the taxes on motor vehicle fuels used in motor vehicles upon the highways of this state," shows an intent on the part of the General Assembly to treat motor fuels and special fuels the same, both as to assessment and credit. It also notes that in the Constitution of Missouri, the term motor vehicle fuel is used to describe both fuels. The use of the term motor vehicle fuels does not necessarily mean or imply that the term applies to or is meant to affect all motor vehicle fuels rather than just some of such fuels, and when other portions of the Act specifically refer to motor fuel and never refer to special fuel, and when the term "motor fuel" has a statutory definition which does not include fuels defined as special fuels, the conclusion is inescapable that the intention was to apply the equivalent tax on motor fuel only.

Plaintiff also contends that regardless of the 1965 Act, under the authority of the case of State ex rel. Arenson v. City of Springfield, Mo.Sup., 332 S.W.2d 942, decided before the enactment of the 1965 Act, it is entitled to recover for taxes paid on fuel purchased in Missouri and consumed on highways outside the State of Missouri. This contention is founded on the theory that this State cannot tax fuel purchased in this State but consumed in other states. This issue was not before the Court in that case, and not having been raised by the amended petition it is not before us now.

Plaintiff further contends that the state assumes that the diesel fuel used by plaintiff is a special fuel when such was not so pleaded by plaintiff. A short answer to this is that if the diesel fuel used by plaintiff was within the definition of motor fuel, it should have been specifically pleaded so, and the petition would not have been dismissed. We further note that on page 25 of its brief, plaintiff states that diesel fuels are special fuels, and on page 8 of its brief, it states that the principal issue before this Court is whether the 1965 Act is applicable to both motor fuels and special fuels.

The Seventy-sixth General Assembly repealed this 1965 Act while this case was pending before this Court. Having found that plaintiff is not entitled to recover on its petition, we do not reach the issue briefed by the parties of whether the repeal of this Act bars plaintiff's recovery.

We find that the provisions of § 142.355 apply only to motor fuels and do not apply to special fuels, and judgment of the trial court is affirmed.

All of the Judges concur.

## MOTION FOR REHEARING

PER CURIAM:

Appellant, in its motion for rehearing, complains of the Court's failure to respond to one of its points.

Appellant alleged in its petition that the Department of Revenue had uniformly interpreted the 1965 Act as applying to special fuels as well as motor fuels. It is argued that on a motion to dismiss we should consider this to be an established fact, and that this fact should be given serious consideration in construing the intent of the Act. State ex inf. Anderson v. St. Louis County, Mo.Sup., 421 S.W.2d 249, 254. However, this rule of statutory construction is applied only to statutes or constitutional provisions which are ambiguous or uncertain. State ex rel. Bell v. Phillips Petroleum Company, 349 Mo. 360, 160 S.W.2d 764, 769. We do not find the 1965 Act to be reasonably susceptible to different constructions; thus, there is no ambiguity. State ex rel. Koeln v. St. Louis Y.M.C.A., 259 Mo. 233, 168 S.W. 589, 590. Therefore, there is no occasion to apply the rule of administrative interpretation.

The motion for rehearing or to transfer is overruled.