Glen SMITH et al., Plaintiffs-Appellants,

v.

CITY OF ST. CHARLES,
Defendant-Respondent.

No. 37899.

Missouri Court of Appeals,
St. Louis District.

May 17, 1977.

Carter & Becker, P. C., Charles F. Dufour, John J. Allen, Clayton, for plaintiffs-appellants.

Rollings, Gerhardt & Hazelwood, Keith W. Hazelwood, St. Charles, for defendant-respondent.

REINHARD, Judge.

Plaintiffs filed a class action praying for an invalidation of annexation and a declaration that the same was unreasonable, unnecessary, and void as a matter of law. The real estate was annexed by the City of St. Charles pursuant to the provisions of § 71.014, RSMo.1969.[1] The trial court rendered judgment adverse to the plaintiffs and they brought this appeal.

The property involved is a part of land which is known as the Commons of St. Charles. The United States Congress passed an act on January 27, 1831, whereby the inhabitants of the City of St. Charles were granted all the right, title and interest of the United States in and to the adjoining areas known as the Commons of St. Charles. On November 11, 1844, the inhabitants of the City executed a 999 year lease in favor of John Frederick Schmiemeyer, and his assigns, on the land which forms the subject of this litigation.

Through a series of transfers, this leasehold interest was held by various individuals and eventually the interest in the land was sold to Joseph G. Shatro and Kathryn Shatro. The Shatros transferred the property to appellants by a series of warranty deeds in 1963, 1964, and 1966. The warranty deed to the appellant Cork contained no reservations or limitations; however, the warranty deeds to appellants Smith and Westhues contained clauses stating: "SUBJECT to conditions, restrictions and easements of record." The Shatros paid rent on this property to the City of St. Charles prior

to the time they transferred their interest, and they continued to pay rent on the Commons property they retained. There was no evidence presented that the City had made a conveyance of this property other than the lease.

Chapter 5 of the Revised Ordinances of the City of St. Charles provides a procedure wherein a tenant can obtain a fee simple title. It provides that a tenant must surrender his leasehold interest to the City; petition the City for a deed in fee simple; pay the City the value of the property (the value to be determined as stated in the lease); and pay all of the expenses of the transfer and all arrearages of rent on such property. If the City attorney determines that the petitioner has acquired the interest he claims, still holds the same, and has complied with the above provisions, the City shall deliver to him a deed in fee simple.

The appellants never petitioned the City to obtain a fee simple interest.

The inhabitants of the City of St. Charles, in their corporate capacity, acting through the City Council, petitioned the City Council under § 71.014, *supra,* for the annexation of the tract of land to which they claimed the fee interest. On November 5, 1974, the voters of the City approved the annexation. The City did not obtain the consent of any of the appellants.

The appellants contend that the court erred when it concluded that: 1) the fee simple title of the property lies with the City of St. Charles; 2) because the City held fee simple ownership the property could be annexed under the provisions of § 71.014; and 3) there were no facts showing that such annexation was unreasonable under the provisions of § 71.014.

---

1. Sec. 71.014 provides:

 "Notwithstanding the provisions of section 71.015, RSMo 1969, the governing body of any city which is located within a county which borders a first class county with a charter form of government with a population in excess of nine hundred thousand, proceeding as otherwise authorized by law or charter, may annex unincorporated areas which are contiguous to the existing corporate limits *upon verified petition requesting such annexation signed by the owners of all fee interests* of record in all tracts located within the area to be annexed." (Emphasis added.)

In 1803 France ceded title to this property to the United States (Louisiana Purchase). In 1831 the United States transferred fee simple title to the City of St. Charles. *Woodson v. Skinner,* 22 Mo. 13 (Sup.Ct.1855); *Bird v. Montgomery,* 6 Mo. 510 (Sup.Ct.1840); *Chouteau v. Eckhart,* 7 Mo. 16 (Sup.Ct.1841), affirmed, 2 How. 344, 43 U.S. 344, 11 L.Ed. 293 (1844).[2] The evidence shows that the City of St. Charles executed a 999 year lease on November 11, 1844, and that by a series of transfers the leasehold interest was acquired by the appellants.

■ While appellants admit that the leasehold interest was not converted to a fee simple interest under the procedures provided by the ordinances of the City of St. Charles, they claim that equity requires they be declared the owners in fee. They base this claim on the fact that they purchased the property by a warranty deed which they claim conveyed to them a fee interest; they have paid no rent; and they pay taxes on the property. (The lease provided for the payment of taxes by the tenants and for an annual rental in addition thereto.)

Although appellants may have acted as if they were owners in fee, it is a fundamental property law that a grantee takes only such interest in land as the grantor had when the conveyance was executed. While appellants allege that the warranty deeds conveyed to them a fee simple interest, the undisputed fact remains that the City of St. Charles retained the fee simple title. Appellants' grantor had only a leasehold interest, and that is all the appellants could take.

■ The appellants contend that the court erred when it concluded that fee simple ownership of the subject property by the City of St. Charles allowed annexation of such property pursuant to the provisions of § 71.014. Plaintiffs contend that the defendant should have proceeded under § 71.015 which requires the filing of an action against the *inhabitants* of the area to be annexed. Under this section, as opposed to § 71.014, the annexing authority must show that the annexation is reasonable and necessary to its development and that normal municipal services can be provided within a reasonable time after the effective date of the annexation. Under § 71.014 the landowners offer their property for annexation and the annexing authority could then accept the landowners' petition and submit it to the voters of the municipality for approval and thereby avoid the expense and aggravation of filing a declaratory judgment action.

The primary purpose of the statutory construction is to determine the intent of the legislature by the language used in the statute. *State ex rel. Dravo Corporation v. Spradling,* 515 S.W.2d 512 (Mo.1974); *State ex rel. Schwab v. Riley,* 417 S.W.2d 1 (Mo. banc 1967). In seeking the intent of the legislature, the court must give to statutory language its plain and rational meaning. *Collier v. Roth,* 515 S.W.2d 829 (Mo.App. 1974); *Consolidated Freightways Corp. of Delaware v. State,* 503 S.W.2d 1 (Mo.1972); *DePoortere v. Commercial Credit Corporation,* 500 S.W.2d 724 (Mo.App.1973); *Gas Service Company v. Morris,* 353 S.W.2d 645 (Mo.1962). See § 1.090, RSMo.1969. Where a statute is clear, plain and unambiguous, provisions or limitations not plainly written or necessarily implied from what is written may not be interpolated herein to affect some modification of or change in the right conferred by the statute. *Collier v. Roth, supra ; Missouri Public Service Co. v. Platte-Clay Elec. Coop.,* 407 S.W.2d 883 (Mo.1966); *St. Louis County Library District v. Hopkins,* 375 S.W.2d 71 (Mo.1964).

Although the facts are somewhat unusual in that the City petitioned itself for annexation, § 71.014 is clear, plain, and unambiguous, and the City complied with its provisions. It is undisputed that the City of St. Charles is a city located within the county which borders a first-class charter county with a population in excess of 900,000. It is

---

2. These cases contain excellent recitations on the history of Commons property. Also, see Gill on *Titles,* §§ 6, 12, 14, 14A and 14B.

undisputed that the unincorporated lands involved here are contiguous to the existing corporate limits. We have determined that the City is the fee owner. The City complied with all of the provisions of § 71.014, and it was unnecessary for the City to proceed under § 71.015. The City, in its capacity as landowner, filed a verified petition requesting that the City, in its capacity as governing body, annex the land. There is no requirement that the tenants sign the petition.

Appellants next contend that the court erred when it concluded that it was presented with no facts showing that such an annexation was unreasonable under the provisions of § 71.014. The parties agree that the burden is upon the challenging party; to-wit, the appellants, in the determination of the unreasonableness of the annexation. *St. Louis County v. Village of Champ,* 438 S.W.2d 205 (Mo. banc 1969); *St. Louis County v. Village of Peerless Park,* 494 S.W.2d 673 (Mo.App.1973). The only evidence presented by the appellants which in any way would bear upon the reasonableness of the annexation was a map showing the existing boundaries and the annexation. Appellants contend that this shows that the annexation will make the boundaries irregular and is therefore unreasonable. While irregular boundaries are a factor in determining the reasonableness of an annexation, it alone is not determinative. *City of St. Peters v. Kodner Development Corp.,* 525 S.W.2d 97 (Mo.App.1975). The appellants have failed to meet their burden.

The judgment of the trial court is affirmed.

McMILLIAN, P. J., and STEWART, J., concur.

